[Opinion delivered March 13, 1882.]

---

## M. Van Alstyne v. H. & T. C. R'y Co.

(Case No. 1344.)

1. RAILWAY STOCK.— On the purchase of a railway company and its franchises under execution, the purchasers by circular letter offered to the old stockholders the privilege of participating on equal terms in the purchase, on payment of ten per cent. cash on their full paid-up stock within a specified time. Subsequently an act of the legislature released the road from forfeiture, on condition that the company should restore the original stockholders who had paid for stock to all the rights they were divested of by sale; *provided,* that if said stockholders failed to pay ten per cent. on the amount of their stock within a time specified in the act they should forfeit all rights under it. A stockholder paid in the ten per cent. on the amount of original stock which had been owned by him, but after

the expiration of the time limited for its payment by the circular letter and the legislative act. *Watered stock*, under a general resolution of the company, was issued to him, eight shares of watered stock for one of old stock actually paid up, but he received no additional new stock to cover the ten per cent. paid under circular letter and legislative requirement. In a suit to compel the issuance of stock to cover the ten per cent. paid, *held*,

That having paid up the ten per cent. after the time limited by the circular letter and legislative enactment, and received new stock in lieu of his original stock, he was not entitled to recover.

2. FACT CASE.— See statement of case and opinion for more full explanation of case.

3. CHARGE OF COURT — PRACTICE.— The law again announced that a judgment in a civil cause will not be reversed for a mere failure on the part of the court below to cover in the charge every phase of the case, when attention is not called to the omission by a charge asked or otherwise.

APPEAL from Harris. Tried below before the Hon. James Masterson.

The following outline of the voluminous record in this case will serve to explain the questions decided in the opinion:

On April 2, 1861, the Houston & Texas Central Railway Co. was sold under execution and bid in by Hutchins and Paige, who on the next day issued a circular letter offering to the old stockholders the privilege of participating on equal terms in the purchase, on the payment in cash within six months of ten per cent. on their full paid stock. By their circular letter of September 9, 1861, the time for this payment was extended until April 3, 1862.

Subsequently (but the precise time does not appear) certain articles of agreement were prepared for the basis of the organization of a new company under the old charter by Hutchins, Paige and such other of the stockholders as had made payment of this ten per cent. under the proposition of Hutchins and Paige. By the fourth article of this agreement, it was provided that the capital stock should be divided into shares of $100 each, and

that certificates should be issued for the same for the amount of stock held in the old company and the additional ten per cent. paid.    There was evidence tending to show that the original agreement was signed by at least some of the parties interested, and that it was the basis of the organization of the new company, but the book of the company containing the article of agreement does not show that it was signed.    At that time, it would seem from the record, W. A. Van Alstyne, now deceased, and whose executrix brings this suit, had not paid in the ten per cent. on his old stock.

January 10, 1862, the legislature passed an act "For the relief of railroad companies."   It released them from forfeiture of their charters or lands for not extending or completing their roads in accordance with existing laws, giving them until two years after the close of the war for such extensions, and granting them sixteen sections of land to the mile if so extended, but declaring:

"The president and directors of the Houston & Texas Central Railroad Company shall, before the provisions of this act shall extend to the benefit of said company, pass a resolution restoring the original *bona fide* stockholders of said company — those who have paid for stock — to all the rights, privileges and immunities to which they were entitled previous to, and of which they were divested by, the sale of said road to W. J. Hutchins and others; and shall forward to the governor of the state a copy of said resolution, signed by the president and countersigned by the secretary or treasurer, under the seal of said company; and said company shall not have the power to repeal said resolution so as to defeat the object of this act: provided, that if the said original *bona fide* stockholders should fail to pay into the treasury of said company ten per cent. upon their said stock on or before the expiration of the extension of time provided in this act for railroad companies to fulfil their charter obligations to

the state, then and in that case said stockholders shall forfeit all their rights, privileges and property interests as stockholders in said road."

"An act for the relief of companies incorporated for purposes of internal improvement, by allowing them further time for performance, on account of the pending war," passed February 13, 1862, providing that the time of the continuance of the war should not be computed against any internal improvement company in reckoning the period allowed them in their charters by any law, general or special, for the completion of any work contracted by them to do.

Ch. 2. Re-enacts same requirement as in the preceding act, precisely, with respect to the Houston & Texas Central Railroad Company.

Ch. 3. The president and directors of any railroad in this state shall not have the power to sell out stockholders in said company by virtue of any law now in force until the expiration of the time of extension provided in this act for the fulfillment of its charter of obligations to the state.   225-7, Civil-Code, arts. 4965-7.

These acts were accepted by the president and directors of the H. & T. C. R. Co., called meeting, November 25, 1862.

It will be observed that these legislative acts do not authorize additional shares of stock to be issued for the ten per cent. on the old stock required thereby to be paid in.

There was testimony tending to show that by the subsequent understanding and acts of the stockholders, the proposition to issue certificates of stock for the ten per cent. to be paid in was abandoned, whether by virtue of the legislative acts or not is not expressly stated.

The number of shares of old stock owned by Van Alstyne is alleged in the petition to have been seven hundred of $100 each, though the testimony does not show that he owned so many.

It is further alleged that on May 1, 1866, he paid into the company $3,500, and on May 1, 1867, he paid an additional $3,500, aggregating $7,000, as his ten per centum on his stock. The entries on the books of the company show such payments by him, in mortgage debts transferred to the company, on May 31, 1866 and 1867, respectively.

The stock owned by Van Alstyne was represented and voted, through proxy, by plaintiff below, Mrs. Van Alstyne, as executrix of her deceased husband, W. A. Van Alstyne, at several of the stockholders' meetings, as shown by the record. .

The original certificates of stock were, by resolution of the company, substituted by new or watered certificates of stock, as they were called, of $100 each, on the basis of eight new certificates of stock for one of old, and the new stock thus received by Mrs. Van Alstyne was represented and voted by her through proxy, until she finally disposed of it in 1877 to Charles Morgan — a contract having been made for the purchase by him of a majority or controlling interest in the whole stock of the company. At the time of this sale the secretary made out, under the direction of the company, a list of the shares and owners thereof of the full and entire stock of the company, whether issued in the form of increased stock, or as outstanding on old certificates, amounting to seventy-seven thousand two hundred and thirteen shares. He also reported seventy to ninety shares of old stock, the ownership of which was in dispute, eleven of which were claimed by Mrs. Van Alstyne. This list seems to have included all the stock issued to or claimed by her at that time. The testimony of E. W. Cave shows that Mrs. Van Alstyne admitted to him that she had transferred all her interest in the stock to Morgan; but she denied this.

Mrs. Van Alstyne now claims, and this is the subject

matter of this suit, that she is entitled to seventy shares of original stock, by reason of the payment of the $7,000, ten per cent. on old stock, or five hundred and sixty shares of new stock at eight for one, and prays judgment for the same or in the alternative for the value thereof, alleged to be the sum of $56,000.

The defendant, amongst other things, pleaded general denial. 3. That the stock sued for had been disowned and denied all recognition and right whatever in said company throughout its entire existence, and other and different stock throughout the entire existence of the company has been admitted to, and has possessed and exercised the entire and exclusive rights, powers and privileges of all the stock in this company, in every form of right, duty, possession, power and management of which corporate stock is susceptible, wholly adverse to the existence of and to all rights by or under the preferred stock sued for; and that plaintiff's cause of action accrued more than two years before institution of suit, and is barred by limitation.

4. Same facts and limitation of four years.

5. Facts stated as to ownership and exercise of rights in other stock of the company by plaintiff and her testator, showing complete non-claim and laches as to the stock sued for, for a period of thirteen years.

8. That the increase of eight for one was exclusive of the stock claimed and sued for, and intended and accepted by the stockholders as in full of all rights of stock in the company, and was in excess of all rights to stock to which the stockholders could be lawfully or equitably entitled, on account of the value of the property represented by the stock, the value of such increased stock not at that time, nor at any time until subsequent effects of sale to Morgan, being twenty-five cents on the dollar; wherefore plaintiff could not sue for additional stock in said company.

On the trial below, under the charge of the court, the jury returned a verdict for the defendant upon a special finding as follows: "We, the jury, find for the defendant on the ground of plaintiff having received satisfaction in the issue of stock, called mutual stock, eight for one." Upon the judgment rendered on this verdict this appeal is taken.

*E. P. Turner,* for appellant.

I. The court erred in not construing in his charge the resolutions of July 6, 1874, and May 3, 1875, in relation to the action of defendant company in authorizing an increase and exchange of its certificates of stock. This was documentary evidence, and its legal effect should not have been left to the jury to construe. The resolutions should have been construed by the court.

II. There was no proof of exchange of plaintiff's stock, or that she ever availed herself of the resolutions of the company, and hence the portion of the charge excepted to was not applicable to the facts as the same appear of record.

III. There is no evidence of any intention on part of appellant and defendant that by the passage of such resolutions, and exchanging certificates on basis of eight for one, the claim of appellant for the ten per cent. stock sued for herein should be discharged and satisfied.

*Baker & Botts, Waul & Walker* and *Ballinger & Mott,* for appellee.

BONNER, ASSOCIATE JUSTICE.—The verdict of the jury in this case, having been based upon a special finding, dispenses with the consideration of several points raised in the voluminous record.

Assigned errors numbers 1, 2, 3, 4 and 12 are pretermitted in the brief of appellant. Numbers 7, 8, 9, 10 and 11 may be appropriately grouped with number 5, as

the determination of the latter will decide the others. We therefore find it necessary to consider only numbers 5 and 6.

Following the order in appellant's brief we will first dispose of number 6, which is, that "The court erred in not construing in his charge the resolutions of July 6, 1874, and May 3, 1875, in relation to the action of the defendant company in authorizing an increase and exchange of its certificates of stock. This was documentary evidence, and its legal effect should not have been left to the determination of the jury. They should have been construed by the court."

It is a sufficient answer to this to say that, under the repeated decisions of this court, a judgment in a civil case will not, as a general rule, be reversed for a mere failure on the part of the court below to cover in the charge every phase of the case, when attention is not called to the omission by charges asked or otherwise. No charge was asked in this case.

The fifth assigned error is that: "The court erred in the following portion of its charge, viz.: Unless under the proof and the law given you in charge you find that plaintiff, as such executrix, has secured payment and satisfaction for the ten per cent. paid in by taking and receiving as payment and satisfaction stock called 'watered stock' — i. e., eight shares of new for one share of old, authorized under resolution of the stockholders' meetings of defendant company; but the proof on this subject must satisfy you that the ten per cent. stock was intended by plaintiff and defendant company to be included in the issuance of said (eight) for one (watered stock); if such was the intention of those entitled thereto and the defendant company, then you should so find, and in that case find for defendant, and state that you so find by your verdict."

The preceding part of that paragraph of the charge, of

which the above is the conclusion, instructs the jury in effect that if the deceased, W. A. Van Alstyne, paid in the ten per cent. on his original amount of stock, as contemplated by the circular letter of Hutchins and Paige, and if. such payment was accepted by the new company in compliance with its resolutions on the subject, that this entitled him to stock at par for the amount of this ten per cent. (being the amount of stock claimed in this suit); and that if the company refused upon demand to issue the same, it was liable in damages for the value thereof with interest, unless, etc., as set out in the above assignment.

The verdict of the jury was based upon this part of the charge, they having found for the defendant on the ground that plaintiff had received satisfaction in the issue of stock called watered stock eight for one.

The objections to the charge are that "The law as given was not applicable to the facts of the case. There was no proof of any exchange of the plaintiff's stock."

The material question in the case then is, was there evidence to support the finding of the jury? If so, then on the facts and under the charge the verdict should be affirmed.

At a stockholders' meeting May 30, 1871, the following resolution was passed:

*Resolved,* That the capital stock of the company is hereby declared to be only such as has heretofore been subscribed for on the books of the old company and paid for, and on which the additional installment of ten per cent. has been paid on the books of this company, and the stock subscribed for and issued to Wm. E. Dodge; and that such only is entitled to be registered on the books of the company, and new certificates therefor to be issued to such persons as have become owners thereof.

By unanimous resolutions of stockholders' meeting passed July 6, 1874, and which were substituted by unan-

imous resolutions passed May 19, 1875, it was ordered that the capital stock of the company be increased to $10,000,000, and the executive officers were authorized and directed to "issue and deliver to the stockholders, or their assigns, certificates for eight shares of the capital stock of the company for, in lieu and instead of every one share by them respectively held prior to the adoption of the aforesaid proceedings of July 6, 1874," etc.

Previously thereto the Van Alstyne stock had been represented and voted in the meeting of the stockholders by shares varying in number, but which seem not to have exceeded six hundred and ninety-eight at any one time.

On May 6, 1872, in pursuance of a previous resolution of the company, the secretary in his report of a correct list of the stockholders gave total number of shares at six thousand one hundred and forty-two and that of Van Alstyne at four hundred and ninety-six.

Subsequently, July 13, 1872, at a stockholders' meeting it was resolved that the secretary should spread on the minutes two classifications of the stock of the company.

1. All stock issued prior to April 2, 1861, and all since on subscription of present holder, or upon transfer accompanied by surrender of the original certificate, or affidavit of its loss.

2. To embrace all other issues of stock.

July 31, 1872, stockholders' meeting. Present in person or by proxy. W. A. Van Alstyne, four hundred and ninety-six shares.

Secretary reported classification of stock, seven thousand one hundred and thirteen shares, Van Alstyne, W. A., four hundred and seventeen and one-half first class, two hundred and forty-five and one-half second class; six hundred and sixty-five shares.

There was testimony that some of the stock claimed by the estate of Van Alstyne was in dispute.

At a stockholders' meeting held May 3, 1876, after the

resolution of May 19, 1875, to increase the stock eight for one, the estate of Van Alstyne represented four thousand nine hundred and forty-four shares of stock, showing that new stock had under this resolution been received by the estate.

It appears from the record that no stockholder has ever received any of this new stock for the amount of the ten per cent. paid in on the old stock, and Mrs. Van Alstyne does not appear to have claimed it at the time she re ceived her new stock on the above basis.

A. S. Richardson, who had been secretary of the company since 1867, and who was the keeper of its stock-books, records and papers, testified that he knew of no claim ever made for this so-called ten per cent. stock until application for this in the present suit. No ten per cent. stock is shown on the books in any manner, shape or form. It has never been on the books of the company. From the time he became connected with the company the stock that was recognized by the company as controlling and operating the road during all the time of his connection with it was the stock described in the resolution of May, 1871, and upon which the ten per cent. was paid, together with such subsequent stock as was sold to Wm. E. Dodge. In all the proceedings read from the minutes and records this ten per cent. stock is never referred to in any manner or form.

There is also testimony tending to prove that Mrs. Van Alstyne stated that she had transferred all her interest in the company to Charles Morgan.

Under the charge of the court to the jury, that the testimony must satisfy them that the ten per cent. stock was intended by plaintiff and defendant company to be included in the issuance of said eight for one watered stock, and that if such was the intention, then they should find for the defendant and so state in their verdict, we are of opinion that the testimony was sufficient to

sustain the verdict that the plaintiff had "received satisfaction in the issue of stock called watered stock eight for one."

To our minds, the verdict and judgment for the defendant could have been satisfactorily, if not conclusively, based upon the acts of the legislature, which did not authorize the issuance of stock for the ten per cent. paid in, as well as upon the issue found by the jury, as it does not appear that Van Alstyne paid in his ten per cent. until long after the passage of the acts, and not until after the time had expired to pay it in under the circular letters of Hutchins and Paige.

There being no apparent error in the judgment below, and as it seems from the record that the defendant would have been fully entitled to the judgment upon another issue, the same is affirmed.

AFFIRMED.