FORT WORTH & DENVER CITY RAILWAY COMPANY v. C. C. WALKER.

Decided December 5, 1907.

1.—Depositions—Evidence—Argument.

It was improper to permit the introduction of the endorsement on the envelope of a deposition showing that it was returned into court by defendant's claim agent and comment thereon by plaintiff's counsel, but under the circumstances it is here held not ground for reversal.

**2.—Passenger—Exposure to Weather—Pleading Evidence.**

The condition of the weather at the time a train was wrecked, though damages from exposure thereto were not claimed in the pleading, may be shown to explain the conduct and movements of the injured passenger, when limited by instructions to that purpose.

**3.—Leading Question.**

Asking a witness whether any one called his attention to the high speed of the train was not leading.

**4.—Charge—Omission and Request—Contributory Negligence.**

The omission to submit by the charge the issue of contributory negligence, when it arises only on a particular phase of the evidence, is not error in the absence of a requested instruction.

**5.—Demurrer—Harmless Error.**

Failure to sustain defendant's exceptions to allegations presenting an issue on which the verdict was in defendant's favor is not ground for reversal.

**6.—Charge—Requested Instructions.**

Where the charge authorized a verdict for plaintiff only on finding defendant negligent it was not error to refuse one to find for defendant if it was not negligent.

**7.—Damages—Nursing.**

Reasonable expenses for nursing may be recovered as an element of damages for injury to the person though the services in nursing were rendered by relatives of plaintiff who did not ask nor receive compensation.

Appeal from the District Court of Tarrant County. Tried below before Hon. Mike E. Smith.

*J. M. Chambers* and *Spoonts, Thompson & Barwise,* for appellant. —The deposition not being suppressed, the testimony of the witness should not have been in this way discredited and prejudiced in the mind of the jury, and it was hence reversible error to permit appellee over appellant's objection to introduce evidence to show that the deposition had been returned by appellant's claim agent, or to comment thereon. Blum v. Jones, 86 Texas, 495; Gulf, C. & S. F. Ry. Co. v. Butcher, 83 Texas, 309; Chicago, R. I. & T. Ry. Co. v. Long, 26 Texas Civ. App., 601; Texas & P. R. Co. v. Edins, 35 S. W. Rep., 953; Hord v. Gulf, C. & S. F. Ry. Co., 33 Texas Civ. App., 163.

There being no pleading on the part of appellee seeking to recover damages on account of the suffering that his wife sustained because of being exposed to the weather as a result of the wreck, that the weather was cold, and that she was exposed thereto, should have been excluded from the jury. Western U. Tel. Co. v. Turner, 9 Texas Ct. Rep., 111.

A question put in the affirmative form such as "did you," etc., suggests a negative answer. Very high authorities hold that such a question is leading. (Hardtke v. State, 67 Wis., 552; Dudley v. Elkins, 39 N. H., 78; United States v. Angell, 11 Fed. Rep., 34; Lawder v. Lawder, 5 Ir. C. L., 27.)

Under Revised Statutes, art. 1316 (Acts of 1903, p. 55), requiring the trial court to "deliver a written charge to the jury on

the law of the case" it was the duty of the trial court to have pre-
pared and to have given to the jury a proper charge on the issue
of contributory negligence. The appellant's pleading raised the issue
and the testimony required its submission. Wallace v. Shapard,
15 Texas Ct. Rep., 736; San Antonio & A. P. Ry. Co. v. Votaw,
10 Texas Ct. Rep., 532; San Antonio & A. P. Ry. Co. v. Hahl, 11
Texas Ct. Rep., 319; Barton v. Gray, 57 Mich., 631; New York
Building Assn. v. Barnes, 39 Neb., 834.

It was the duty of the court, when requested, to have charged
the jury affirmatively that unless they believed that the derailment
was the result of negligence on the part of the defendant or its
employes that then they should find in favor of the appellant.
Texas & P. Ry. Co. v. Dawson, 9 Texas Ct. Rep., 63; Missouri, K.
& T. Ry. Co. v. Cardena, 22 Texas Civ. App., 300; Missouri, K.
& T. Ry. Co. v. McGlamory, 89 Texas, 635; Harris v. Harwell, 6
Texas Ct. Rep., 518; Missouri, K. & T. Ry. v. Carter, 95 Texas, 461;
Galveston, H. & S. A. Ry. Co. v. Washington, 94 Texas, 510.

*R. L. Carlock* and *W. P. McLean,* for appellee.—In this case the
facts were practically undisputed that the plaintiff's wife, while a
passenger on board defendant's train, was in a wreck, and sustained
injuries as a result of the bad condition of the defendant's track
and roadbed and particularly on account of the rotten ties therein,
and no other judgment than one of liability could properly have
been rendered in the case. Beeks v. Odom, 70 Texas, 184; Mexican
Central Ry. Co. v. Lauricella, 87 Texas, 279; Houston Electric Ry.
Co. v. Elvis, 31 Texas Civ. App., 280; Galveston, H. & S. A. Ry.
Co. v. Delahunty, 53 Texas, 212; International & G. N. Ry. v.
Thompson, 34 Texas Civ. App., 71; Gulf, C. & S. F. Ry. v.
Killebrew, 20 S. W. Rep., 1005; Gulf, C. & S. F. Ry. v. Smith,
74 Texas, 279; Baldwin v. Roberts, 13 Texas Civ. App., 564; North
Texas T. Co. v. Lewis, 83 S. W. Rep., 895.

The question was not leading in that it suggested any particular
answer. Northern Texas Trac. Co. v. Lewis, 83 S. W. Rep., 894;
International & G. N. Ry. v. Collins, 33 Texas Civ. App., 61;
St. Louis S. W. Ry. v. Lowe, 17 Texas Ct. Rep., 266.

If it was proper, under the evidence, to submit the issue of con-
tributory negligence, the error was one of omission, and not cause
for reversal in the absence of a requested charge thereon. San
Antonio & A. P. Ry. Co. v. Votaw, 81 S. W. Rep., 130.

This decision construes the statute in question and writ of error
was refused by the Supreme Court. (See 82 S. W. Rep., index of
cases.) San Antonio & A. P. Ry. Co. v. Hahl, 83 S. W. Rep., 28;
Wallace & Cave v. Shapard, 15 Texas Ct. Rep., 736; Robinson v.
Varnell, 16 Texas, 387; Cockrill v. Cox, 65 Texas, 675; Texas &
Pac. Ry. v. Gay, 86 Texas, 609; Glasscock v. Hughes, 55 Texas,
461; Dwyer v. Continental Insurance Co., 57 Texas, 181.

The fact that nursing services were rendered necessary by the
negligence of the defendant, even if meant as a gratuity by Mrs.
Bryson to her daughter, would not exempt defendant, who had
negligently and through its own wrong brought about the necessity

for the rendition of such services.  Varnham v. City of Council Bluffs, 52 Iowa, 698; Watson on Personal Injuries, secs. 539-541; Pennsylvania Co. v. Marion, 104 Indiana, 239; Ft. Worth & D. C. Ry. Co. v. Kennedy, 12 Texas Civ. App., 654; Missouri, K. & T. Ry. v. Holman, 15 Texas Civ. App., 16; International & G. N. Ry. v. Haddox, 36 Texas Civ. App., 387; Missouri Pac. Ry. v. Jarrard, 65 Texas, 566; Gulf, C. & S. F. Ry. v. Younger, 90 Texas, 391; Crouse v. Chicago & N. W. Ry. Co., 78 N. W., 449; First Volume, Beach on Modern Law of Contracts, 657.

LEVY, ASSOCIATE JUSTICE.—Appellee brought this suit against the railway company to recover damages for personal injuries received by his wife, Mrs. Kate Walker, while a passenger on the railway of the company.  The case was tried in the District Court to a jury, and resulted in a verdict and judgment for the appellee for $7500, which the appellant seeks to have reversed for errors assigned upon the action of the trial court in admitting testimony, giving instructions to the jury, and the refusal to give certain special instructions requested by the defendant company, and other errors mentioned herein later on.

It is established by the evidence in the record that on Christmas day, 1905, at about 11:30 o'clock in the morning, and about six miles south of Decatur, Texas, the appellant's passenger train became derailed.  Consequent upon the derailment the track was torn up for the distance of about 400 or 500 feet; the baggage car and the mail car were thrown on the right-hand side of the track, and the sleeper and the other day coaches on the left-hand side of the track, all the cars having gone off the track excepting the front end of the baggage car and the tender and engine.  The track at the place where the derailment occurred, at the time of the derailment, was in a bad condition, the roadbed very soft and unballasted, and the ties under the rail were in very bad condition to the extent of a number of them being rotten ties.  It is shown that the roadbed at this point of derailment was situated near a water hole which came up to within three or four feet of the track.  The derailment was caused from the defective condition of the roadbed and track at this point, and from the defective and rotten condition of the ties in the track.  The appellee's wife and her child, accompanied by her sister and two small nephews, were passengers on the train together at the time of the derailment, and were traveling over the railway line of appellant, on a visit to relatives at Sunset, to spend the Christmas holidays.  Mrs. Walker was between five and six months advanced in pregnancy at the time.  The train upon which Mrs. Walker was riding, and at the time of its derailment, was running at a rate of speed variously estimated by the witnesses at from 25 miles per hour by the conductor, to 40 to 50 miles per hour by some of the other witnesses.  Mrs. Walker and her companions were occupying the rear seat on the left-hand side of the last chair car next to the sleeper.  The derailment made a sudden stoppage of the train, and this threw or jerked Mrs. Walker forward and down in the aisle, inflicting injuries upon her as alleged by

her.   At the scene of the wreck Mrs. Walker received medical attention, the company's doctor waiting upon her.   She continued her journey to Sunset, where her relatives lived; there a physician waited upon her for the period of about ten days, when she was carried to her home at Ft. Worth, Texas, where she was further attended by physicians for a period of four months, during which time she was confined to her bed from her injuries.   The evidence shows a sharp contest in the trial over the extent of her injuries and suffering, as well as the cause of same.   But there is evidence sufficient to support the finding that for a period of four months. Mrs. Walker was confined to her bed after receiving the injuries in the wreck, and was partially paralyzed, unable to move her lower limbs, and showed signs of spinal concussion, and wasted away to a skeleton; it is shown that to keep her bones from working through the skin she was constantly bathed in alum and alcohol, and required the attention of nurses both day and night.   During that time she gave birth to a child, which, when born, according to the testimony of the family physician, was weakly and fretful, and that she was unable to nourish the child at all.   The child died at two months. That at the time of the trial Mrs. Walker was weakly and delicate and had not regained her strength and was a nervous wreck.   According to the evidence of the physician, Mrs. Walker was permanently injured, and he considered it improbable that she would ever regain her health or be free from suffering.   That prior to the injury Mrs. Walker was in average good health, and was 29 years old.   The appellee proved the expenses incurred by him as a necessary consequence to his wife's injuries, consisting of medical bills, medicine, employment of house help and reasonable value of nurse hire.

The appellant complains of the admission in evidence of the endorsements on the deposition envelope and the use thereof in argument before the jury by appellee's attorney, and the refusal of the court to give the special charge in relation thereto.   These three assignments will be considered one with the other.

It is contended by appellee that the endorsements on the envelope are a part of the deposition, and the entire deposition, including the envelope with its endorsements, constituted a filed paper in the case and was admissible in evidence.   The return on the envelope serves the purpose only to preserve the purity of the return of the deposition.   It is a matter properly for the court, and not for the jury, as evidence.   In the case of Blum v. Jones, 86 Texas, 495, the legality of the taking of the deposition was challenged in the trial before the jury, by proof that the officer taking the deposition was, by reason of relationship, not legally authorized to take it. Chicago, R. I. & T. Ry. v. Long, 26 Texas Civ. App., 601, was where testimony was offered in the trial to impeach the notary who took the deposition; the effort was to attack the legality of the taking of the deposition.   In Texas & Pac. Ry. v. Eddins, 35 S. W. Rep., 953, the legality of the taking of the deposition was challenged by evidence in the trial.   In Hord v. Gulf, C. & S. F. Ry., 33 Texas Civ. App., 163, the correctness of the taking of the depo-

sition by the notary was challenged by evidence in the trial. Reading in evidence the endorsements on the envelope in this case would not of itself have the effect nor the same force like proof of independent facts not appearing connected with the deposition, to challenge the validity of the taking of the deposition or the legality of the return, or have the same purpose to make an issue thereof before the jury and have the jury discard the deposition of the witness upon any ground that it was not lawfully taken or returned. The reading of the endorsements on the deposition envelope was irregular and immaterial, yet we can not hold it to be in this case such error as to require reversal. In the argument of this case appellee's attorney, in his opening argument to the jury, alluded to the return on the deposition envelope in connection with the deposing witness's testimony. The appellant's attorney answered the allusion in his speech, as well as commented upon the deposing witness's testimony. The appellee's attorney in his closing speech further replied to the appellant's speech. The appellee's attorney in the course of his closing argument to the jury, did not denounce to the jury as illegal the return of the deposition, or argue to the jury that it was invalid or illegally returned into court; but on the contrary, in the course of his remarks, admitted to the jury that the party returning the deposition "had the right to take charge of the deposition when taken by the notary and delivered to him, and to return the same to the clerk of the District Court," although he made observations to the jury on the fact shown by the return. In Gulf, C. & S. F. Ry. v. Butcher, 83 Texas, 309, the attorney in his argument to the jury denounced the particular order of the court, and the court's procedure, as being illegal and an outrage. As we have observed, the case before us shows the absence of a line of argument by the attorney denouncing the illegality of the return or the validity of the taking of the deposition. Did the use of the endorsements by the attorney in his argument to the jury, in connection with the deposing witness's evidence, probably cause the jury to disregard the depositions in consideration, or so influence the jury as to return a wrong finding of evidence in the case? Appellee in his brief states the contention before the jury on the testimony of the deposing witness was that the testimony was manufactured, and that she was not on the train at all. A brief examination of her testimony shows that she testified that the cars were running on the ties before the derailment, and that they did not make enough jar or shock to throw Mrs. Walker out of her seat, or any one else in the car, and that she had felt worse jars in street cars or while on other cars that were being coupled together; that the train on which she was riding was not running fast, probably fifteen miles an hour; that the wreck occurred in the fore part of the night of Christmas day; that she did not know Mrs. Walker, and had never seen her before; that she made no examination of her, had no talk with her, and had no occasion to investigate her injuries. Opposed to this testimony in the record, briefly stated, is the testimony of Mrs. Walker and her sister, Miss Bryson; that they were thrown forward and downward in the car. Two postal

clerks testified that the jolt of the train was severe. The conductor, that he was thrown forward from the middle of the car to the end, striking against the toilet and sustaining injuries. The track was torn up for something life four or five hundred feet, and the cars were off the track. The engineer and conductor say, with the other witnesses, that the wreck occurred at eleven o'clock in the morning of Christmas day. The engineer and conductor and other witnesses say the train was running at the rate of 25 or more miles per hour. Edwards, another passenger on the train, corroborates Mrs. Walker. In fact, the testimony of the deposing witness is practically different from that of all the other witnesses. In view of these irreconcilable conflicts in the testimony of this deposing witness and the other witnesses in the case, we are not prepared to say that a jury of average sensible men was led away from the consideration of the deposing witness's evidence on account of the reading of the endorsements on the envelope, or such observations or allusions thereto on the part of the appellee's attorney in his argument. Considering the entire evidence in this case, no other finding by the jury than one of liability could have been properly returned; and it appears to us that the irregularities complained of could not have even probably affected or influenced the result, or operated to appellee's injury, and therefore will afford no grounds for reversal. The three assignments are overruled. Gulf, C. & S. F. Ry. v. Killebrew, 20 S. W., 1005; Mexican Cent. Ry. v. Lauricella, 87 Texas, 279; Houston Electric Ry. Co. v. Elvis, 31 Texas Civ. App., 280; Gulf, C. & S. F. Ry. Co. v. Smith, 74 Texas, 279; International & G. N. Ry. Co. v. Thompson, 34 Texas Civ. App., 71.

The fourth assignment is directed to the admission of evidence relative to the condition of the weather at the time of the wreck. It was stated by the attorney for the appellee, at the time of the objection, that this evidence was not offered for a general purpose or as a basis of recovery, but merely as explanatory of the situation of Mrs. Walker at the time of the wreck in connection with the evidence then being elicited. Looking to the record in this case, we do not think the evidence thus limited in its purpose and use constitutes reversible error.

We do not think the question as finally put to the witness, complained of in the fifth assignment, was a leading question. The record shows the question as finally put and answered was: "Did anybody direct your attention—rather to the speed of the train?" The answer of the witness to the question may have contained more matter than the question called for, but it was voluntary on the part of the witness, and not required of him in answer to the question. This voluntary matter of the witness could have been stricken out on motion.

The appellant claims in the sixth assignment, that contributory negligence was an issue in the case, and the court erred in not submitting the issue to the jury. The appellant had a general plea of contributory negligence. The court did not charge the jury on any issue of contributory negligence, and appellant did not ask a special charge covering this phase of the case. But appellant contends that

as contributory negligence was a substantial issue under the plea and evidence, it was the duty of the court, under Rev. Stats., art. 1316, as amended by the Acts of 1903, p. 55, to "deliver a written charge on the law of the case," even though a special charge was not requested, and it was error in the court's not doing so. The evidence in the record does not show negligence in the remotest degree on the part of Mrs. Walker, insofar as the accident itself was concerned. She was a passenger, and was occupying her seat at the time in the passenger car, when the derailment happened, and was by reason of the derailment thrown from her seat and injured. The appellant, however, contends that the testimony of the appellee and Dr. Harvey, the physician at Sunset, showed and strongly tended to show that appellee was guilty of negligence in removing and in permitting the removal of his wife from Sunset, after her injury at the wreck, to Ft. Worth, her home, on account of her then physical condition. The conclusion from the testimony of Dr. Harvey, the physician at Sunset, is that Mrs. Walker had the appearance of getting better under his ten days' treatment of her at Sunset, and that her condition looked favorable for the time he treated her, but at that time he could not say as to the permanency of the injury or what it might or would result in; that she sat up a little the evening before she left, and was very desirous of returning to her home; that he gave his consent to her removal to Ft. Worth, though it was unwillingly done. He did not forbid the trip; and told appellee he could take her home, and that if careful with her she would take the trip all right; that he was somewhat apprehensive of the trip because from her general appearance it was probable that she might sustain miscarriage during the trip. She was carefully attended by the appellee on the sleeper of the train, and in removing her from the depot to her home. The evidence shows that no miscarriage did result from the trip; that the baby was born at the regular time three months later, and that no backset resulted to her, nor was her condition in any wise affected by the trip. In our view, properly construing the evidence, we do not think error can be predicated on the failure of the court to instruct the jury on contributory negligence. If deemed a particular phase of the case, a special charge should have been requested covering the phase before a reversible error could be predicated thereon. Van Alstyne v. Houston & T. C. Ry., 56 Texas, 380; Texas & Pac. Ry. v. Casey, 52 Texas, 124; San Antonio St. Ry. v. Helm, 64 Texas, 148. The charge of the court, so far as it went, was correct; and we do not think, following the construction placed upon the Act of 1903, mentioned in San Antonio & A. P. Ry. v. Votaw, 81 S. W. Rep., 130, appellant was relieved of the necessity of presenting a special charge on the issue desired in order to predicate reversible error for the omission to submit the desired issue by the court.

We do not think there was reversible error in failure to give the special charge complained of in the seventh assignment, and it is overruled. Texas Cent. Ry. v. Weideman, 62 S. W. Rep., 810.

We are of the opinion that both the eighth and ninth assignments

should be overruled. In this case it appears affirmatively in the record that the verdict of the jury was returned in favor of the appellee alone upon the paragraph in his petition against which no complaint was urged. The jury, in precise words, returned a finding upon the paragraph of the petition excepted to in favor of the appellant as to the death of the child. If the right result on this paragraph excepted to was reached in the verdict it substantially met the erroneous ruling of the court upon the exception to the paragraph, and is a relievement of the erroneous ruling to the extent of requiring a reversal of the case.

The tenth assignment is overruled. The main charge of the court and the special charges given at the request of appellant fairly submitted the issue to the jury admitting of a finding for the appellant on the issue of negligence if it had not been guilty of negligence.

The appellant complains in the eleventh assignment, of the charge of the court wherein it authorized the jury, in assessing damages, to award reasonable and necessary expense for nurse hire, because there was no testimony justifying the submission of this issue to the jury. The evidence in this record established the fact that Mrs. Bryson, the mother of Mrs. Walker, nursed her through her sickness of four months, being the period that she needed such services, having left her home and come to her daughter's house in Ft. Worth, and had taken charge of her daughter throughout her affliction because of her injury received in the derailment; that she was the one who nursed her through her sickness. It is shown in the record that the value of these services of a nurse in the premises was from $5 to $6 per day, including the night. The appellee sought in his petition a recovery for nurse hire. The appellant, though, asserts that there was no basis in the testimony justifying the court in submitting the issue of nurse hire because of the mother's having nursed the daughter, as the law will not imply an obligation to pay for the services of the mother in nursing her daughter, and by reason thereof it was reversible error to submit the issue to the jury. The evidence does not disclose that the appellee ever made any contract with Mrs. Bryson, or ever hired her to nurse his wife; the evidence does not disclose that Mrs. Bryson performed the services gratis to the appellee, nor that she expects to make a claim against appellee for the payment of the same. In our opinion, it is wholly immaterial whether Mrs. Bryson was hired as a nurse by the appellee, or whether Mrs. Bryson for her services as a nurse to her daughter expects to make a legal charge against the appellee, or whether she means her services as a gratuity to the appellee; as it is a matter in which the appellant, as a wrong-doer, has no concern, and which does not affect the measure of its liability. Appellant could not claim any exemption from its liability in negligence for this item of damage, even though these services were voluntary and gratuitously rendered by Mrs. Bryson to appellee; they were for his benefit, and not for the benefit of the defendant. Denver & R. G. Ry. v. Lorentzen, 79 Fed. Rep., 291; Pennsylvania Ry. v. Marion, 3 N. E. Rep., 874; Cunningham v. Evansville & T.

H. Ry., 1 N. E. Rep., 800; Crouse v. Chicago & N. W. Ry., 78 N. W. Rep., 446; Missouri, K. & T. Ry. v. Holman, 39 S. W. Rep., 130.

The twelfth assignment is overruled. While the evidence was sharply conflicting as to the severity and extent of the injuries to Mrs. Walker, there is sufficient testimony in the record to sustain the finding of the jury that she was seriously and permanently injured in the wreck. There is no evidence of prejudice or passion or misconduct on the part of the jury. We are not prepared to say that the verdict is excessive in this case.

The case is ordered affirmed.

*Affirmed.*

Writ of error refused.