## CITY OF FT. WORTH v. WEISLER et ux. (No. 9084.)

(Court of Civil Appeals of Texas. Ft. Worth. March 8, 1919. Rehearing Denied April 19, 1919.)

1. DAMAGES ⊜208(4) — INABILITY TO PERFORM HOUSEHOLD DUTIES—EVIDENCE.

In suit by husband and wife for injuries to the latter due to cover of manhole in street of defendant city tilting, causing her foot and leg to fall into hole, evidence of pecuniary value of wife's services *held* to warrant submission, as an element of damages, of loss of ability of wife to perform her household duties.

2. DAMAGES ⊜186—LOSS OF SERVICES OF WIFE—EVIDENCE.

It is not essential to the right of recovery for wife's impaired capacity to perform her household duties that the pecuniary value of the same be shown with any mathematical accuracy or in dollars and cents.

3. DAMAGES ⊜99—VALUE OF WIFE'S SERVICES—HOW COMPUTED.

The wife's services are not to be computed as those of a servant, and a verdict based upon the circumstances and conditions of the wife and guided by the sound judgment of the jury should not be disregarded, unless upon evidence of abuse of such discretion.

4. DAMAGES ⊜99—WIFE'S SERVICES—VALUE.

From a detailed statement of the position of the wife, her family, her ordinary duties and labor, the jury can ascertain the value of her services in the performance of household duties, as well as any witness.

5. MUNICIPAL CORPORATIONS ⊜822(5)—INJURY TO PEDESTRIAN—CONTRIBUTORY NEGLIGENCE—INSTRUCTION.

In suit by husband and wife for injuries to the latter, due to cover of manhole in street of defendant city tilting, causing her foot and leg to fall into hole, instructing that burden of showing contributory negligence was on defendant, and that in determining the issue the jury should consider all the facts and circumstances in evidence, *held* not erroneous, though plaintiff's evidence tended to show such negligence.

6. MUNICIPAL CORPORATIONS ⊜819(7)—INJURY TO PEDESTRIAN—CONTRIBUTORY NEGLIGENCE—EVIDENCE.

In suit by husband and wife for injuries to the latter, due to cover of manhole in street of defendant city tilting, causing her foot and leg to fall into hole, *held* that jury was justified in concluding that plaintiff was not negligent, and was not acting in violation of the spirit of an ordinance forbidding use of street by pedestrians.

7. MUNICIPAL CORPORATIONS ⊜819(6)—DEFECTIVE MANHOLE—NOTICE—EVIDENCE.

Evidence *held* sufficient to show that defendant city had notice, or in the exercise of ordinary care should have had notice, of de-

---

fective condition of manhole into which plaintiff pedestrian fell.

8. APPEAL AND ERROR ☞736—ASSIGNMENT—MULTIFARIOUSNESS.

On appeal from judgment for plaintiffs, assignment of error *held* multifarious, in that it complains of four express errors alleged below.

Appeal from District Court, Tarrant County; Ben M. Terrill, Judge.

Suit by H. Weisler and wife against the City of Ft. Worth. Judgment for plaintiffs, and defendant appeals. Affirmed.

T. J. Powell and R. S. Phillips, both of Ft. Worth, for appellant.

R. L. Carlock, of Ft. Worth, for appellees.

BUCK, J. This is a suit by H. Weisler and wife, Daisy Weisler, against the city of Ft. Worth for damages by reason of injuries to the wife alleged to have been sustained from falling into a manhole on one of the streets of the defendant city. Plaintiffs alleged that said manhole was "in a tilted, unsafe, and defective condition, * * * that the said manhole covering and the manhole itself were of a defective design and pattern, in that the said lid or covering had an insufficient bearing to rest upon, and the same not fitting snugly upon the iron surface upon which it rested, but had a play of one-half to three-quarters of an inch, and was also insufficiently beveled, and to some extent warped, so that the said covering and said manhole were so defectively constructed and maintained by the defendant as that, when heavy objects like horses' hoofs or steel-tired trucks or heavy vehicles would strike said manhole cover at a certain angle, same would tilt out of position," etc. That plaintiff, Mrs. Weisler, while lawfully using the street, stepped on the manhole cover, which tilted and caused her foot and leg to fall into the hole, by reason of which she was injured seriously in certain respects specified.

Defendant answered by way of general demurrer, special exceptions, general and special denials, and a plea of contributory negligence. From a verdict and judgment for plaintiffs, in the sum of $1,450, defendant has appealed.

[1] Only three assignments are presented. The first complains of the submission in the main charge of the issue of loss of ability on Mrs. Weisler's part to perform her household duties, as an element of damages. This complaint is based on the contention that no evidence was introduced to show that such loss, if any, had any pecuniary value. The evidence shows that by reason of the injuries received in this accident, Mrs. Weisler was confined to her bed for some nine months, her injured limb being partly paralyzed; that during said time she was unable to perform any household duties, while theretofore she had performed practically all the household work for her family. The accident occured October 2, 1914, while the trial took place January 19, 1918. She testified at the time of the trial that she was still suffering from the effect of the injuries, and that she was confined to her bed a good deal of the time; that her young lady daughter had been forced to stop school to attend to the household duties for the family; that she, plaintiff, was not able to perform any substantial part of the housework at the time she testified.

[2, 3] It is not essential to the right of recovery for the wife's impaired capacity to perform her household duties that the pecuniary value of the same be shown with any mathematical accuracy, or in dollars and cents. G., H. & W. Ry. Co. v. Lacy, 86 Tex. 244, 24 S. W. 269. The wife's services are not to be computed as those of a servant or hireling, and a verdict based upon the circumstances and conditions of the wife, and guided by the sound judgment of the jury, should not be disregarded, unless upon evidence of abuse of such discretion.

[4] From the detailed statement of the position of the wife, her family, her ordinary duties and labor, a jury, composed of fathers, husbands, and sons, can estimate the value of such services, as well as any witness likely to be called. Railroad Co. v. Lacy, supra; M., K. & T. Ry. Co. v. Vance, 41 S. W. 167; Ft. W. & D. C. Ry. Co. v. Walker, 48 Tex. Civ. App. 86, 106 S. W. 400, writ refused. Hence the first assignment is overruled.

[5] The second assignment is directed to the giving of this charge on contributory negligence, to wit:

"The burden is upon the defendant herein to prove by a preponderance of all the evidence herein that the plaintiff, upon the occasion of her injuries, was guilty of negligence proximately contributing to cause her injury, if any, and in determining this issue you will look to and consider all the facts and circumstances in evidence."

It is urged that as the evidence of plaintiff herself supported the defendant's plea of contributory negligence, and the defendant offered no original evidence on this question, the burden of proving such contributory negligence on the part of plaintiff was not upon the defendant, but that the jury were authorized to look to and consider all the facts and circumstances in evidence, whether introduced by plaintiff or defendant, and determine therefrom whether or not the injured party was guilty of negligence proximately contributing to her injuries, without reference to the burden of proof. We do not think the charge given is subject to the criticism made. Burden of proof, as used in this connection, means the duty resting on

the party having the affirmative of the issue to satisfy or convince the minds of the jury, by a preponderance of the evidence, of the truth of his contention. This duty may be discharged by testimony from the mouth of the adversary's witnesses, or the testimony of the adversary himself. In G., C. & S. F. Ry. Co. v. Shieder, 88 Tex. 152, 30 S. W. 902, 28 L. R. A. 538, the Supreme Court, after discussing the question as to the burden of proof to show contributory negligence, and an'-imadverting to the conflict existing among the courts of last resort in the different states as to this rule, concludes that the rule in Texas is that the burden of proof is upon the defendant to establish contributory negligence, except in two instances, to wit: (1) Where the legal effect of the facts stated in the petition is such as to establish prima facie negligence on the part of the plaintiff as a matter of law, then he must plead and prove such other facts as will rebut such legal presumption; (2) where the undisputed evidence adduced on the trial established prima facie, as a matter of law, contributory negligence on the part of the plaintiff, then the burden of proof is upon him to show facts from which the jury upon the whole may find him free from negligence.

Without setting out at length the pleadings of the plaintiff, or referring in detail to the evidence upon the issue of contributory negligence, it is sufficient to say that in our opinion this case does not come within either of the two exceptions mentioned. Hence the burden of establishing contributory negligence was upon defendant, but in so discharging the burden the defendant had the right to rely on all the facts and circumstances in evidence whether arising from the testimony of the plaintiffs and their witnesses or the testimony of defendant's witnesses, and the jury in determining the issue had the right and was impressed with the duty of considering all such testimony pertinent to that issue. We think the charge given presented the law as it exists in this state, and could not be reasonably construed as misleading. Railway Co. v. Shieder, supra; Railway Co. v. Howard, 96 Tex. 582, 75 S. W. 805; Railway Co. v. Reed, 88 Tex. 439, 31 S. W. 1058; Railway Co. v. Hill, 95 Tex. 629, 69 S. W. 136; Railway Co. v. Martin, 26 Tex. Civ. App. 231, 63 S. W. 1089; Galveston Electric Co. v. Antonini, 152 S. W. 841, 845.

[6] It is urged by appellees, and we think properly, that the evidence supporting the plea of contributory negligence does not rest entirely upon the plaintiffs' testimony; that defendant, in support of its plea, introduced provisions of a city ordinance with reference to the use of the streets by pedestrians and the penalty for a violation of the said ordinance. We think the jury were justified in concluding, under the facts and circumstances disclosed, that the plaintiff was not guilty of contributory negligence,

and was not acting in violation of the spirit of the ordinance mentioned. She testified that the sidewalk was obstructed by building material, stacked and piled thereon, and it was necessary for her to go out into the street in order to pass, and that while so doing automobiles from different directions were passing, and that in order to avoid being run over she stepped back to that part of the street near the manhole, and that after the automobiles had passed she started towards her destination, probably took only one step, and fell into the manhole.

[7, 8] The third and last assignment is as follows:

"Because the verdict of the jury is contrary to and unsupported by the evidence, in that the evidence did not show that the defendant had any notice of the condition of said manhole at the time of the alleged injury, and failed utterly to show that it had any character of notice for such a length of time as would permit it to remedy any defects in said manhole, or to prevent said injury, and did not show that the defendant was guilty of negligence, or failed to use ordinary care with reference to the maintaining of said manhole, or to prevent its condition being such as to avoid the injury complained of, and because the evidence further shows that the plaintiff was guilty of contributory negligence proximately causing her injuries, and did not use ordinary care to detect the condition of said manhole at the time of the injury, or to avoid said injury, and said evidence further showed that the plaintiff was using that portion of the street in violation of a valid ordinance of the city of Ft. Worth as shown by defendant's bill of exception No. 19."

We are of the opinion that we would be authorized to sustain appellee's objection to the court's considering this assignment on the ground that it is multifarious, because it complains of four separate alleged errors below. Sanitary Mfg. v. Gamer, 201 S. W. 1068. But out of an abundance of caution, and in an effort to give appellant the full benefit of any error alleged in this assignment, we have examined the record with reference to the matter set forth in the first proposition under this assignment, to wit, that the evidence failed to show that defendant had not exercised ordinary care in maintaining the manhole in the condition it was at the time and place of the alleged injury. The plaintiff, H. Weisler, husband of the injured party, testified that about a week or so before his wife got hurt he noticed the condition of the manhole, and that the cover thereto was about an inch and a half or two inches out of position. He further testified that on at least two occasions subsequent to the accident he noticed that the cover to the manhole was out of place. Miss Lillian Weisler, daughter of plaintiffs, testified that subsequent to the accident she noticed that the cover to the manhole was tilted up on one side. Ross Bowlin, a lawyer and a neighbor of the plaintiffs, testified that prior to

and about the time of plaintiff's injury he had noticed that the lid to the manhole was tilted up, and disclosed an opening of some four or five inches, so that if a person's foot had come down on the side where the hole was it would have probably gone down in the hole; that a street sweeper had just passed over the manhole before the witness had his attention called to the condition aforesaid.

There was evidence to show that the street department of the defendant of the city had a large employed force, the duty of many of whom was to work on and traverse and inspect the streets. The evidence showed that the manhole cover was warped and not level, so that it was easily pushed out of position by a passing vehicle or animal, also that the bearing, instead of being three-fourths of an inch wide, was one-half to three-eighths of an inch only. The evidence further showed that this manhole had been in use for several years, and we believe that the evidence was sufficient to authorize the jury to find that the defects were those of construction, having existed from the time the manhole and its cover was first put in use.

Without citing further evidence upon this issue, we are of the opinion that the evidence was sufficient to show that the defendant had notice, or in the exercise of ordinary care should have had notice, of the defective condition of the manhole.

All assignments of error are overruled, and the judgment is affirmed.