Texas & Pacific Railway Company v. Booker Crump et al.

No. 1906. Decided January 13, 1909.

**1.—Evidence—Memory—Habit.**

A witness should be allowed to state that he did a certain act (rang the bell of a locomotive engine) though he does so, not from recollection of the particular circumstances, but from reliance on his habit of doing so. (P. 253.)

**2.—Ordinary Care—Infant.**

On the issue of contributory negligence of a child ten years old, ordinary care was properly defined as that "which a person of his age and condition would have used under similar circumstances." (P. 253.)

**3.—Continuance—Witness Disappointing in His Testimony.**

An application to withdraw an announcement of readiness for trial in order to apply for a continuance, based on the fact that a witness would not testify as counsel had been informed that he would, should be made on discovery of that fact, and not after waiting for the opponent to develop his case. (Pp. 253, 254.)

**4.—Newly Discovered Evidence—Knowledge—Affidavit of Witness.**

A motion for new trial on the ground of newly discovered evidence was properly overruled where a claim agent of the moving party, present and testifying on the trial, was shown by counter affidavit to have interviewed the witness before the trial and his discovery of the materiality of the testimony was not negatived, and where the new witness, who refused to give an affidavit, was accessible and was not placed on the stand in support of the motion. (P. 254.)

Error to the Court of Civil Appeals for the Fifth District, in an appeal from Dallas County.

Booker Crump and wife sued the railway company for damages from the death of their son. A judgment for plaintiffs was affirmed on appeal by defendants, who thereupon obtained writ of error.

*W. L. Hall* and *T. B. McCormick,* for plaintiff in error.—The court erred in overruling defendant's application to withdraw its announcement and continue the case, and in refusing to permit the defendant to withdraw its announcement of ready and to have the case continued, when it was shown to the court that, after announcement, defendant for the first time learned that its chief witness on whom it had relied had changed his testimony and denied all knowledge of having witnessed the accident and of having made a statement to the effect that Allen Crump was killed while attempting to board a moving train. Presidio County v. Clarke, 38 Texas Civ. App., 320; Oakes v. Prather, 81 S. W., 557; San Antonio Foundry Co. v. Darish, 38 Texas Civ. App., 214; Lynch v. Munson, 61 S. W., 140; Missouri Pacific Ry. Co. v. Kuthman, 2 Texas Appeal Civil Cases, page 407; Dillingham v. Chapman, 30 S. W., 677; Dillingham v. Ellis, 86 Texas, 448; Maynard v. Cleveland, 76 Ga., 52; 4 Encyclopedia of Pleading and Practice, "Continuances," heading No. 8, sub-heads Nos. 14 and 15, and cases there cited.

When defendant who has suffered judgment thereafter discovers other witnesses who, through no want of proper diligence on its part, were unknown to it at the time of announcement for trial, whose tes-

timony strongly tended to establish the point it had expected to support by the testimony of the witness who had disappointed it upon the trial and urges said newly discovered evidence in its motion for a new trial, said motion should be allowed and a new trial granted. Presidio County v. Clarke, 38 Texas Civ. App., 320; Oakes v. Prather, 81 S. W., 557; San Antonio Foundry Co. v. Darish, 38 Texas Civ. App., 214.

The operatives of an engine which is alleged to have caused an accident are entitled to express an opinion as to whether the signals were given and a lookout kept, based upon their knowledge of a uniform and invariable practice to sound such signal and keep such lookout at a given place. Tompkins v. Toland, 46 Texas, 590; Davie v. Terrill, 63 Texas, 107; Texas & P. Ry. Co. v. Warner, 42 Texas Civ. App., 280.

The court erred in that portion of its main charge defining ordinary care as follows: "Ordinary care as herein used means that care which a person of his age and condition would have used under similar circumstances." Missouri, K. & T. Ry. Co. of Texas v. Hannig, 91 Texas, 347; Missouri, K. & T. Ry. Co. of Texas v. Wood, 81 S. W., 1187; Houston & T. C. Ry. Co. v. Buchanan, 38 Texas Civ. App., 165; Houston & T. C. Ry. Co. v. Brown, 37 Texas Civ. App., 595.

*P. A. Sidell, Curtis Hancock* and *Cockrell & Gray,* for defendants in error.—Defendant will not be permitted to withdraw its announcement of ready for trial and be granted a continuance on the ground of surprise, when defendant could have known, by reasonable diligence, of the attitude of its witness before the trial. Dempsey v. Taylor, 4 Texas Civ. App., 126; Lewis v. Williams, 15 Texas, 48; Wiggins v. Fleishel, 50 Texas, 64; Clarke v. Faver, 40 S. W., 1009; Mattfield v. Cotton, 19 Texas Civ. App., 595; French v. Groesbeck, 8 Texas Civ. App., 19; Texas Express Co. v. Scott, 2 Texas Civ. App., 60; Railway Co. v. Hall, 83 Texas, 679; Railway Co. v. Hardin, 62 Texas, 369; Allyn v. Willis, 65 Texas, 70.

The rule that a party may attack the testimony of his witness when facts stated by the witness are injurious to his case, does not apply where the party introducing such witness knew beforehand what the testimony of such witness would be when offered, and especially when the testimony of such witness is not injurious to such party, but is only of no advantage to such party. Article 795, Code of Criminal Procedure; Erwin v. State, 32 Texas Crim. Rep., 519; Bennett v. State, 24 Texas Crim. App., 73; Thomas v. State, 14 Texas Crim. App., 70; White v. State, 10 Texas Crim. App., 387; Bailey v. State, 37 Texas Crim. Rep., 597; Gibson v. State, 29 S. W., 471.

Affidavit for new trial on grounds of newly discovered evidence must exclude the supposition that the evidence could have been discovered by due diligence. Mitchell v. Bass, 26 Texas, 377; Wright v. Bennett, 1 App., C., 1078; Harrell v. Hill, 15 Texas, 272; Belton & Temple Traction Co. v. Henry, 45 Texas Civ. App., 272.

Whether a child should be subject to the rules applicable to contributory negligence is a question for the jury, and not one in the court, to determine. Evanisch v. Gulf, C. & S. F. Ry. Co., 57 Texas,

129; Houston & T. C. Ry. Co. v. Boozer, 70 Texas, 537; Avery v. Gulf, C. & S. F. Ry. Co., 81 Texas, 245; Houston & T. C. Ry. Co. v. Simpson, 60 Texas, 106; Texas & P. Ry. Co. v. Phillips, 91 Texas, 281; Missouri, K. & T. Ry. Co. v. Rodgers, 89 Texas, 680; St. Louis & S. F. Ry. Co. v. Christian, 8 Texas Civ. App., 246; Autusy v. M. P. Ry. Co., 73 Texas, 194; Railway Co. v. Hall, 83 Texas, 683; Railway v. Walker, 70 Texas, 126; Denison & S. Ry. Co. v. Carter, 98 Texas, 196.

The care and caution required of a child is according to its maturity and capacity only, and this is to be determined in each case by the circumstances of that case. St. Louis & S. F. Ry. Co. v. Christian, 8 Texas Civ. App., 246; Mexican Nat. Ry. Co. v. Crum, 6 Texas Civ. App., 702; Houston & T. C. Ry. Co. v. Boozer, 70 Texas, 537.

Mr. Justice Brown delivered the opinion of the court.

Booker Crump and his wife, Addie, sued the plaintiff in error to recover damages for the death of their son, Allen, aged about ten years. They alleged that on the 12th day of September, 1905, Allen Crump was walking westward on the track of the Texas & Pacific Railroad in the city of Dallas and along Pacific Avenue, and that the said track was used as a public highway for people in passing through the city in that direction. It was charged that a passenger train on the said track going west and behind the said Allen Crump was running at a high rate of speed, in excess of seven miles an hour, which was the limit fixed by an ordinance of the said city; that there was no bell ringing nor whistle blowing at the time. The following ordinances were in effect in the said city at the time this accident occurred:

"Art. 423. That it shall not be lawful to conduct, run or cause to be run, within the limits of this city, any railway engine or car at a speed greater than seven miles an hour.

"Art. 424. That it shall not be lawful to conduct, run or cause to be run, any railway engine or locomotive, within the limits of this city, without ringing a bell attached thereto, before starting, and all the time said engine or locomotive may be in motion.

"Art. 427. Any person who shall violate or fail to comply with the provisions of the foregoing articles shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be fined not less than three nor more than one hundred dollars."

The defendant pleaded a general denial and contributory negligence.

The Honorable Court of Civil Appeals did not make a finding of fact in this case, and we state the facts briefly as follows: On the 12th day of September, 1905, Allen Crump, a son of the defendants in error, being about ten years old, was walking on the track of the Texas & Pacific Railroad on Pacific Avenue, in Dallas, going westward. There was no evidence that he looked for a train or took any precaution to discover an approaching train. A passenger train upon the same track going westward was moving in the rear of Allen Crump, no bell was being rung nor whistle blown at the time, and the train was running at a speed exceeding seven miles. The train struck

the boy and run over him cutting off one of his arms, from which he died that night. The trial was by jury and verdict rendered for the plaintiffs and judgment was entered in accordance with the verdict which was affirmed by the Court of Civil Appeals.

One of the issues in the case was whether or not the bell was being rung on the engine at and before the time the boy was struck. The defendant placed upon the stand R. R. Ramsey, who was the engineer on the train that ran over the boy. He testified that he did not remember about that particular night; that there was nothing to fix it on his mind. He was asked the question: "Do you know whether or not your bell was ringing that night?" to which he answered: "Yes, sir, it is always ringing." Upon objection of the plaintiffs the answer was excluded from the jury, but the ground of the objection is not stated. The defendant excepted to the ruling of the court in excluding the answer. The testimony should have been admitted. It was competent for the witness to state that the bell was ringing, relying upon his habit of ringing it to sustain him in that conclusion. The weight of the testimony was for the jury and it was not proper for the court to exclude it. Davie v. Terrill, 63 Texas, 107. In the case cited the witness was an attorney called to give an account of a certain paper which had been in his possession. He stated, in substance, that he had mailed it to his associate counsel, but he did not remember the fact of mailing it. He stated his habit of correspondence and the manner of conducting his business as grounds for his conclusion. The trial court excluded the evidence from the jury, of which ruling this court said: "Whilst all these circumstances taken together satisfied the witness that he had forwarded the writ, they might not have satisfied the jury. Still the court could hardly say that the witness, acquainted as he was with his own habits of business, was wholly unwarranted in concluding that he had sent the order of sale to Denton County. We think that in such cases the testimony should be received and the jury allowed to draw their own conclusions, and the court erred in excluding such evidence in the present instance."

The testimony of the witness Robbins was of the same character, which need not be detailed here, and was excluded by the court without any statement of the ground of its action. We are of opinion that the court erred in excluding the testimony of the two witnesses, and for that error the judgment must be reversed.

The trial judge charged the jury as follows: "Ordinary care as herein used means that care which a person of his age and condition would have used under similar circumstances." Error is assigned upon this charge, but we think that it is substantially correct and therefore overrule that assignment. Texas & P. R. R. Co. v. Phillips, 91 Texas, 278.

When the case was called for trial there was an order that the witnesses be placed under the rule. The attorneys for the railroad company had a conversation with Tommie York, their witness, and learned from him then that he would not testify, as they had been informed he would. The trial proceeded and the plaintiff introduced a number of witnesses, when the court adjourned for noon.

When the court resumed business in the afternoon the attorneys for defendant moved the court for permission to withdraw the announcement of ready for trial and to continue the case because they. had been deceived by Tommie York as to what his testimony would be. The motion was overruled. Error is assigned upon the action of the court in refusing to permit them to withdraw the announcement and continue the case. The application to withdraw the announcement should have been promptly made when the attorneys learned that the witness had changed his evidence. The court properly refused to allow the defendant to enter upon the trial and wait until the plaintiffs had virtually developed their case before making the application to continue. There was no error in the ruling of the court upon that motion.

The plaintiffs in error made a motion in the District Court for a new trial on the ground of newly discovered evidence, stating, in substance, that since the trial the attorneys had learned that David Davis, who lived in the city of Dallas, was the driver of the ambulance which took Allen Crump to the hospital, and that he would testify as to certain declarations made by Allen Crump. This application was supported by the affidavit of one of the claim agents of the railroad company. Counter-affidavits were filed showing that one Lewis, the claim agent of the railroad company, who was investivating this case, and who talked to Tommie York, also had a conversation with Davis about the case. Lewis was in attendance upon the court and was introduced as a witness in this case. The application did not show that Lewis had not acquired information as to what Davis would testify to before the trial began. Davis was in the employ of the city and resided in the city and there is no reason shown why they could not have placed him on the stand to testify on this motion, Davis having refused to make an affidavit to accompany the motion.. There was no error in overruling the motion for new trial.

It is ordered that the judgments be reversed and the cause remanded.

*Reversed and remanded.*