GALVESTON ELECTRIC CO. v. ANTONINI.

(Court of Civil Appeals of Texas. Galveston. Nov. 27, 1912. Rehearing Denied Jan. 9, 1913.)

1. TRIAL (§ 250*)—INSTRUCTIONS—CONFORMITY TO PLEADINGS AND EVIDENCE — "CONTRIBUTORY NEGLIGENCE."

"Contributory negligence" is a failure to exercise ordinary care, or that degree of care that a person of ordinary prudence of plaintiff's age, intelligence, and discretion would have exercised under the same or similar circumstances, and is properly so defined by the court, in an action by a boy of 13 for personal injuries received in a collision with a street car while driving across the tracks, though there was no pleading nor evidence showing that he was not of sufficient intelligence and discretion to know the danger of attempting to cross in front of an approaching car.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 584–586; Dec. Dig. § 250.*

For other definitions, see Words and Phrases, vol. 2, pp. 1541–1547; vol. 8, p. 7617.]

2. TRIAL (§ 296*)—MISLEADING INSTRUCTION —CURE BY OTHER INSTRUCTIONS.

A charge "that a street car company has no right to the exclusive use of that part of the street upon which its track is laid, but all persons have an equal right to use the same," was not misleading, where the reciprocal duties of the parties were defined, and the right of the plaintiff to recover made to depend on the negligent operation of the car, in other instructions.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 705–713, 715, 716, 718; Dec. Dig. § 296.*]

3. TRIAL (§ 252*)—INSTRUCTIONS—CONFORMITY TO EVIDENCE.

An objection, in an action against a street car company for personal injuries in a collision with a wagon, that by using the plural term "agents" in an instruction, when the evidence showed that no one but the motorman could have been negligent, might lead the jury to believe that there was another agent, whose duty it was to stop the car, was without merit.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 505, 596–612; Dec. Dig. § 252.*]

4. STREET RAILROADS (§ 111*) — COLLISION WITH WAGON—PLEADING AND ISSUES—DISCOVERED PERIL.

An allegation that defendant street car company should, after it discovered plaintiff's peril, have stopped or slackened the speed of the car, but failed to do so, to which the defendant answered that plaintiff drove onto the track so near the car that it did not have time to stop the car, though all means at hand were used to that end to the best advantage, raised the issue of discovered peril.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 225, 226; Dec. Dig. § 111.*]

5. STREET RAILROADS (§ 117*) — COLLISION WITH WAGON — QUESTION FOR JURY — DISCOVERED PERIL—EVIDENCE.

In an action against a street railroad for injuries at a street intersection, evidence held sufficient to go to the jury on the issue of discovered peril.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 239–257; Dec. Dig. § 117.*]

6. STREET RAILROADS (§ 90*) — COLLISION WITH WAGON — DUTY OF MOTORMAN — DISCOVERED PERIL.

Where a motorman saw a boy attempting to drive across the track in front of the car, or the manner of the boy's driving was such as to reasonably indicate that he intended to cross, it was his duty to use proper care to prevent the collision; and he could not take any chances on the boy's getting across before the car reached him, nor wait until the danger was manifest.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 190–192; Dec. Dig. § 90.*]

7. NEGLIGENCE (§ 138*) — MISLEADING INSTRUCTIONS — CONTRIBUTORY NEGLIGENCE — BURDEN OF PROOF.

An instruction that the burden upon the issue of contributory negligence was upon the defendant was not misleading, on the theory that the jury might be prevented from finding contributory negligence from the evidence produced by plaintiff, where the court in submitting the issue used the expression "If you find from the evidence," etc., which clearly refers to all the evidence.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 354–370; Dec. Dig. § 138.*]

Appeal from District Court, Galveston County; Clay S. Briggs, Judge.

Action by Adriano Antonini, by his next friend, Stefano Antonini, against the Galveston Electric Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Terry, Cavin & Mills, of Galveston, for appellant. James B. & Charles J. Stubbs, of Galveston, for appellee.

PLEASANTS, C. J. Appellee, a minor, brought this suit by his next friend, Stefano Antonini, against the appellant, Galveston Electric Company, to recover damages for personal injuries alleged to have been caused by the negligence of appellant's servants and agents.

Plaintiff's petition contains the following allegations: "That heretofore, to wit, on or about the 11th day of April, 1908, defendant, its servants and agents, were negligently and carelessly operating one of the cars

of said company, recklessly propelling said car through one of the public and popular streets of the city of Galveston, to wit, Mechanic street, and were operating and running said car at an excessive and dangerous rate of speed in disregard of the safety of persons crossing the said street. That plaintiff, Adriano Antonini, age 13 years, was driving a horse attached to a wagon northwardly on Twenty-Fourth street, and at the intersection of Twenty-Fourth street with Mechanic street in said city defendant, its servants and agents, ran into and collided with the wagon or cart in which plaintiff was driving, striking the wagon with such force and violence as to throw plaintiff from the wagon, causing him to fall upon the ground or pavement, fracturing his skull, causing concussion of the brain and breaking his arm, and otherwise injuring plaintiff, all of which was caused by the negligence and carelessness of defendant, its servants and agents, as hereinbefore alleged. And plaintiff further shows that defendant, its servants and agents, in the exercise of a proper degree of care for the safety of people passing over and across the intersection of said streets, should have kept a lookout ahead, and should have had control of the speed of the car so as to prevent collision, and should have sounded the gong in such a manner as to warn persons approaching said intersection, and should, after it discovered plaintiff's peril, have stopped or slackened the speed of said car; but any and all of these duties and obligations defendant, its servants and agents, failed to observe or perform, and negligently and carelessly injured plaintiff, as hereinbefore alleged."

The defendant answered by general and special exceptions and general denial, and by the following plea of contributory negligence: "And further answering this defendant says that, if said Adriano Antonini received the injuries claimed by him in his petition to have been received then such injuries resulted from, were contributed to and caused by, his own negligence and failure to use and exercise that degree of care and prudence for his own safety, and to prevent injury to himself, that an ordinarily prudent person would have used or exercised under the same or similar circumstances, in that he attempted to drive across the street car tracks of said defendant upon which its car was moving in such close proximity to said car that said car could not be stopped in time to avoid a collision between it and said plaintiff and his horse and wagon; and that from the time when the motorman operating and in charge of the movement of said car first saw that he was about so to drive across said track until the collision occurred said car could not be stopped by the means at hand, which said means were used to the best advantage, under all the circumstances, by said motorman; and

that in endeavoring to urge and force his horse across said street car tracks ahead of the car said Adriano Antonini arose from the seat in said wagon or cart and stood upon his feet therein, and was so standing, urging and driving his horse, at the time of the collision, and if he had remained sitting he would not have been thrown from the wagon or injured; and but for said acts of negligence on the part of said Adriano Antonini he would not have received the injuries he claims in his pleadings to have suffered."

The trial of the cause in the court below with a jury resulted in a verdict and judgment in favor of plaintiff for the sum of $5,000.

The evidence shows that appellee was injured at the time and place alleged in his petition, and that his injury was caused by a collision between a street car of appellant company and the cart in which appellee was riding. There is evidence sufficient to sustain the conclusions that the car, at the time of the collision, was running at an excessive and dangerous rate of speed; that the operatives of the car failed to keep a proper lookout, or to use any care to prevent injury to persons crossing appellant's track; and that appellee was not guilty of contributory negligence in any of the respects averred in defendant's answer. There is also evidence sufficient to sustain the finding that the operatives of the car discovered plaintiff's peril in time to have avoided injuring him if they had used proper care to have prevented the injury.

At the time of his injury appellee was between 12 and 13 years old. He was employed by a grocery man as a delivery boy, and had been so employed for two years before the accident. He was an active, energetic boy, had a good memory, and was attentive to his business. At the time of his injury he was in the regular course of his employment going along Twenty-Fourth street from his employer's place south of Mechanic street to a store on Strand north of said street. There are two street car tracks on Mechanic street. The car which ran against appellee's cart was going west on the north track. He testified that when he saw the car he was driving at a moderate rate of speed, and the car, which was about 75 feet away, was coming very fast, but he did not know how fast; that he was looking at the car when he started across the track, and he thought he had a chance to get across without the car catching him. He got almost across before the car struck his wagon; the only portion of the wagon struck by the car being the rear part of the wheel. Other witnesses, who saw the accident, say that when the boy started to cross the track he arose to a standing position in the cart and urged his horse to a faster speed, and when the car struck the wheel

of the cart it tilted up and the boy was thrown out.

There is no assignment complaining of the insufficiency of the evidence to sustain the verdict on the issue of appellee's negligence, and no assignment raising the question of the sufficiency of the evidence to sustain the verdict upon the issue of the negligence of appellant's employés in running the car at a dangerous rate of speed, and in failing to keep a proper lookout.

[1] The first assignment of error complains of the following paragraph of the charge: "By the term 'contributory negligence,' as applied to the plaintiff, Adriano Antonini, is meant a failure on his part to use and exercise ordinary care, by which, in this connection, is meant that degree of care which a person of ordinary prudence of his age, intelligence, and discretion would have used or exercised under the same or similar circumstances."

The contention under this assignment is that, there being nothing in the pleading or evidence to show that appellee was not of sufficient intelligence and discretion to know the danger of attempting to cross a street car track in front of an approaching car, it was error to submit to the jury the question of appellee's capacity to know and understand the danger of attempting to cross the track in front of the car, or to limit the degree of care required of him to protect himself from injury.

We do not think this is a valid objection to the charge. The degree of care which the law required of appellee is correctly stated in the charge to be "that degree of care which a person of ordinary prudence of his age, intelligence, and discretion would have used or exercised under the same or similar circumstances." The question is not simply whether the appellee had sufficient capacity to know that it was dangerous to cross a track in front of an approaching car, but whether a boy of his age, intelligence, and discretion would ordinarily have sufficient prudence or care for his safety not to take the chance that he did of getting across the track before the car would reach the place of his crossing. In discussing a similar question in the case of Railway Co. v. Boozer, 70 Tex. 537, 8 S. W. 121, 8 Am. St. Rep. 615, Judge Stayton says: "We cannot say that the same degree of care should be exacted of a boy of appellee's age [12 years] as must be of an adult. Whether he used that care in attempting to cross the track, and in ascertaining the danger attending his act, incumbent on one of his age was a question submitted to the jury. The jury were in position to determine whether the acts of the appellee were, in one of his age, the exercise of such care as such a person should exercise."

In the case of Cook v. Navigation Co., 76 Tex. 358, 13 S. W. 477, 18 Am. St. Rep. 52, Judge Gaines says: "We think, however, that when the age of the minor is between 13 and 14 years, the question of capacity and intelligence should be left to the jury. Not being capable of exercising that degree of circumspection in the face of danger that adults are expected to use, a higher degree of care must be exercised towards them." The following cases sustain this view of the law upon this question: Railway Co. v Mother, 5 Tex. Civ. App. 87, 24 S. W. 82; Railway Co. v. Hall, 83 Tex. 675, 19 S. W. 121; Railway Co. v. Simpson, 60 Tex. 106; Railway Co. v. Ball, 38 Tex. Civ. App. 279, 85 S. W. 458; Railway Co. v. Carter, 79 S. W. 323; Railway Co. v. Bulger, 35 Tex. Civ. App. 478, 80 S. W. 560; Railway Co. v. Crump, 102 Tex. 253, 115 S. W. 26.

[2] The second assignment of error complains of the portion of the charge in which the jury were instructed "that a street car company has no right to the exclusive use of that part of the street upon which its track is laid, but all persons have an equal right to use the same for travel over and across the street."

This was a correct statement of the law, and in view of the charge of the court upon the issue of contributory negligence, in which the jury were properly instructed as to the duty of the appellee to exercise proper care in crossing appellant's track, and other portions of the charge which defined the reciprocal duties of the parties in using the street, and only held appellant liable for the negligent operation of the car by its employés, this general statement in the charge of the rights of both appellant and appellee in the use of the street could not have misled the jury. Railway Co. v. Mechler, 87 Tex. 632, 30 S. W. 899; Railway Co. v. Renken, 15 Tex. Civ. App. 229, 38 S. W. 831; S. A. Traction Co. v. Haines, 45 Tex. Civ. App. 289, 100 S. W. 791.

[3] The third assignment complains of that portion of the charge of the court submitting the issue of negligence on the part of appellant in the operation of the car on the ground that it submits the issue of the negligence of the agents of the appellant in the respects alleged in the petition, when the undisputed evidence shows that such negligence, if any, was that of the motorman only.

It is urged under this assignment that under these facts the use of the plural "agents," instead of the singular "agent," was calculated to mislead the jury, and lead them to believe that it was the duty of some agent of appellant, other than the motorman, to keep a proper lookout for persons on defendant's track, and to regulate and control the speed of the car. Assuming that the jury were men of the ordinary degree of intelligence, it is inconceivable that this inaccuracy in the charge could have led them to presume the existence of facts, not only not suggested by any evidence in the case, but wholly inconsistent with the facts shown

by the undisputed evidence. The assignment is overruled.

The fourth, fifth, sixth, seventh, eighth, ninth, tenth, and eleventh assignments of error are grouped and presented together. The fourth assignment complains of the following paragraph of the court's charge: "If you believe from the evidence that the plaintiff, Adriano Antonini, attempted to drive across the street car tracks of said defendant upon which its car was moving in such close proximity to said car that said car could not be stopped in time to avoid a collision between it and plaintiff and his horse and wagon, and that such action on the part of plaintiff, if any, constituted contributory negligence, or if you believe from the evidence that the plaintiff endeavored to urge and force his horse across the street car tracks ahead of the car, and that said plaintiff arose from the seat in said wagon or cart and stood upon his feet therein, and was so standing, urging and driving his horse, at the time of the collision, and that if he had remained seated he would not have been thrown from the wagon or injured, and that such action on the part of plaintiff constituted contributory negligence, and if you believe that such contributory negligence, if any, on the part of the plaintiff in any or all the particulars set forth proximately caused or contributed to the injury or injuries, if any, sustained by plaintiff, then you are instructed that the plaintiff would not be entitled to recover, but that your verdict be in favor of the defendant, unless you otherwise find under instructions hereinafter given you."

The other assignments mentioned complain of the refusal of the court to give special instructions requested by the appellant upon the issue of contributory negligence. The objections made to the portions of the charge complained of under the fourth assignment above set out are that it was necessarily construed by the jury in accordance with the definition of contributory negligence contained in the charge, by which the jury were instructed that in determining the question of appellee's negligence they should consider his "age, intelligence, and discretion"; and, further, that the mention in the last clause of the charge of instructions thereafter given the jury referred only to instructions submitting the issue of discovered peril, which issue, appellant contends, was not raised either by the pleadings or the evidence.

[4, 5] The special charges requested by the appellant, the refusal of which the other assignments mentioned complain of, submits the issue of contributory negligence without any reference to the age, intelligence, and discretion of appellee, and submits said issue in a separate charge upon each of the alleged negligent acts and omissions of the appellee averred in appellant's answer. As before shown in our discussion of the first

assignment of error, the jury were properly instructed to take into consideration, in determining the question of appellee's negligence, his age, intelligence, and discretion. We also think, as will be more fully stated hereafter, that the issue of discovered peril was raised both by the pleadings and evidence. It follows that the charge, above quoted, was not erroneous in the respects stated in the assignment; and the special charges mentioned, which ignored the fact of appellee's youth, and also the issue of discovered peril, were properly refused, even if they were otherwise correct. We are further of the opinion that the issue of contributory negligence was sufficiently and properly submitted in the charge given by the court, and no further instruction on this issue was necessary or proper.

The twelfth assignment complains of the charge of the court submitting the issue of discovered peril, upon the ground that neither the pleadings nor the evidence raises such issue. While the allegations of the petition upon this subject are meager, we think they in effect charge that appellant's agents operating the car discovered appellee's peril and negligently failed, after such discovery, to stop or slacken the speed of the car, and as a result of such negligence appellee received his injuries. We think this is a reasonable intendment of the following paragraph of the petition: "And plaintiff further shows that defendant, its servants and agents, in the exercise of a proper degree of care for the safety of people passing over and across the intersection of said streets, should have kept a lookout ahead, and should have had control of the speed of the car so as to prevent collision, and should have sounded the gong in such a manner as to warn persons approaching said intersection, and should, after it discovered plaintiff's peril, have stopped or slackened the speed of said car; but any and all of these duties and obligations defendant, its servants and agents, failed to observe or perform, and negligently and carelessly injured plaintiff, as hereinbefore alleged."

Appellant evidently understood the petition to make the charge of discovered peril, as is shown by its answer, which contains the following averment: "That he [plaintiff] attempted to drive across the street car tracks of said defendant upon which its car was moving in such close proximity to said car that said car could not be stopped in time to avoid a collision between it and said plaintiff and his horse and wagon, and that from the time when the motorman operating and in charge of the movement of said car first saw that he was about so to drive across said track until the collision occurred said car could not be stopped by the means at hand, which said means were used to the best advantage, under all the circumstances, by said motorman."

There was no special exception to the

allegations of the petition, above quoted, and as against the general demurrer we think it is sufficient to present the issue of discovered peril. The motorman testified that when he first saw appellee the car was 100 feet east of Twenty-Fourth street, which would place it at least 140 feet from the place of the collision, as appellee was some 75 feet south of Mechanic street. Several witnesses testified that they saw appellee before he reached Mechanic street driving towards the crossing, and when he observed the car he arose from his seat to a standing position and urged his horse faster; his purpose and intent to attempt to cross the track in front of the car being apparent. The motorman also testified that when he realized that the boy was not going to stop, and saw that the collision must occur, that he at once reversed his car. Witnesses for appellee testified that no attempt was made to stop the car or slacken its speed until it struck the cart. As we have before stated, appellee almost succeeded in getting over the track before the car reached him; only the rear portion of his cart being struck by the car. This evidence was sufficient to authorize the jury to find that the motorman realized that appellee would attempt to cross the track in front of the car in time to have slackened the speed of the car sufficiently to have prevented the collision. The facts show that a very little diminution in the speed of the car would have enabled appellee to clear the track and avoid the collision. Under these circumstances it was the duty of the motorman to make every effort in his power, consistent with the safety of those in the car, to prevent the collision; and his failure to perform this duty, if such failure was the proximate cause of the collision, would make the appellant liable for appellee's injury, notwithstanding appellee was himself guilty of contributory negligence in crossing the track in front of the approaching car.

[6] That the motorman saw the boy approaching the crossing in time to have slackened the speed of the car and prevented the collision is clear from the evidence. If the manner in which the boy was driving was such as to reasonably indicate that he intended to cross in front of the car, it was the motorman's duty to at once use proper care to prevent the collision. He had no right to take any chance on the boy's getting across before the car reached him, nor could he speculate on whether he would stop or turn aside before he reached the track; there being nothing in the boy's action to indicate any such intention. In such circumstances we think ordinary prudence required that the motorman should act on the reasonable appearance of danger or peril to the appellee, and not wait until the danger was manifest and the injury unavoidable. Railway Co. v. Wear, 33 Tex. Civ. App. 492, 77 S. W. 272; Gehring v. Galveston Electric Co., 134 S. W. 291; Rail-

way Co. v. Jacobson, 28 Tex. Civ. App. 150, 66 S. W. 1111.

[7] The court did not err in charging the jury that the burden of proof upon the issue of contributory negligence was upon the defendant. The rule announced in Railway Co. v. Reed, 88 Tex. 439, 31 S. W. 1058, Railway Co. v. Hill, 95 Tex. 629, 69 S. W. 136, and Railway Co. v. Martin, 26 Tex. Civ. App. 231, 63 S. W. 1089, that such a charge is misleading when the plaintiff's evidence raises the issue of negligence, is not applicable in this case, because the court, in submitting the issue of contributory negligence, in effect instructed the jury that in passing upon that issue they should consider all of the evidence. The clause in this portion of the charge, "If you find from the evidence," etc., clearly refers to all of the evidence; and the jury would not understand from this charge that in determining the issue there submitted they should not consider the evidence offered by plaintiff. We think it would be unreasonable to assume and hold that the jury were misled by the charge complained of on the burden of proof. Railway Co. v. Howard, 96 Tex. 582, 75 S. W. 805.

The remaining assignments need not be discussed. We have considered each of them, and none, in our opinion, presents any error.

We do not think any of the assignments present any error which requires or would authorize a reversal of the judgment of the court below. It follows that the judgment should be affirmed; and it has been so ordered.

Affirmed.