## CITY OF SEYMOUR v. MONTGOMERY et al. (No. 1485.)

(Court of Civil Appeals of Texas. Amarillo. Jan. 22, 1919. Rehearing Denied Feb. 19, 1919.)

1. COURTS ⬤⟲99(1)—LAW OF THE CASE—RESTRAINING ORDER.

In a suit for a permanent mandatory injunction to abate a nuisance, an order entered in vacation, denying a temporary injunction, is not res judicata on final hearing; Rev. St. art. 1714, empowering the court, in vacation by consent of parties to enter final judgment, being inapplicable, as actions of this kind are controlled by the injunction statutes.

2. INJUNCTION ⬤⟲115—"APPEARANCE"—ANSWER—ISSUE OF CITATION.

Where, in injunction suit, defendant filed an answer to the entire petition, in obedience to a notice of the court, both parties thereafter appearing before the judge in chambers, who heard the evidence and refused the temporary writ, such answer constituted an "appearance," under Rev. St. art. 1882, rendering unnecessary the issuance of a citation, as required by article 4662, where not dispensed with by article 4652.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Appearance.]

3. CONTINUANCE ⬤⟲26(3) — DILIGENCE — ABUSE OF DISCRETION.

In an application for continuance to obtain testimony of certain witnesses, no abuse of discretion by the court was shown in denying same, as to one witness, as to whom no statutory diligence was shown.

4. CONTINUANCE ⬤⟲47 — ABSENCE OF MATERIAL WITNESSES—COUNTER AFFIDAVITS.

In a suit to abate a nuisance, it was error for the court to deny a continuance to obtain

the testimony of certain witnesses, where the witnesses were material, statutory diligence was shown, and there was no controverting affidavit as to the diligence used.

5. CONTINUANCE ⬳51(5)—SECOND APPLICATION—POSTPONEMENT OF TRIAL.

An application for continuance for absent witness cannot be treated as a second application merely because it was first presented on the day the case was called for trial, and again on the date to which the case has been reset, where such postponement of the trial was not based on the application.

Appeal from District Court, Baylor County; J. H. Milam, Judge.

Suit by W. V. Montgomery and others against the City of Seymour. From a decree granting injunction, defendant appeals. Reversed and remanded.

J. A. Wheat and Dickson, Kenan & Newton, all of Seymour, for appellant.

Bert King, of Wichita Falls, and J. W. Boynton, of Anson, for appellees.

HUFF, C. J. W. V. Montgomery and some 16 other resident citizens of Baylor county, Tex., as plaintiffs, brought this action against the city of Seymour, in which they allege that they were owners of certain designated and described property, and that the city of Seymour had established on block 8, in an addition to said city, a sewerage disposal plant, in which petition for an injunction they allege that the disposal plant was a nuisance, and seek to abate the same as a nuisance, alleging that it polluted Seymour creek, which runs through the lands of the plaintiffs, and also created and emitted offensive odors, creating mosquitoes and flies, and endangering the health of plaintiffs and that of their families, and destroying their homes situated near the plant, praying as follows:

"Wherefore plaintiff prays the court that said nuisance be abated; that a preliminary writ of injunction issue immediately from this court, restraining the defendant, its officers, servants, and employés, from further operating the sewer in the manner above set forth, from further use of said receptacle to receive the contents of said sewer, from in any manner dumping and discharging the matter and substance carried by said sewer, so that the same may pollute and poison the waters of said Seymour creek, from permitting the noxious vapors, effluvia, and fumes and noisome smells to arise and escape and permeate the air that will be diffused over the premises of plaintiffs, and from allowing refuse matter, filth, and offal to accumulate, so as to provide a breeding ground for flies and mosquitoes, on the grounds of defendants above mentioned, and that the order of the court shall completely abate said nuisance; that upon trial hereof said injunction be by the court made in all things perpetual, for costs, and for such other and further relief, general and special, either in law or equity, as to the court it may be shown the plaintiffs are entitled, as plaintiffs will ever pray," etc.

This petition appears to have been filed on the 11th day of April, 1918. The district judge, Hon. J. H. Milam, after receiving the plaintiff's original petition, which appears to have been presented to him, notified the defendant city thereof, and that he would hear the same in chambers at the courthouse in Seymour on the 19th day of April, 1918, and the defendant agreed to appear at said time. On the 19th day of April, A. D., 1918, the defendant filed its original answer to the appellees' said petition with the said district judge, in which it pleaded, in addition to general demurrer and special exceptions, as follows:

"If required to answer said petition of plaintiff, comes now the defendant and, without waiving its general and special exceptions, but insisting on the same, and says that it denies each and every allegation in said petition contained and demands strict proof of the same and of this, it puts itself upon the country. Wherefore defendant prays that the relief asked for in plaintiff's petition be denied and the court decree that plaintiff take nothing by their said suit. That defendant recover of plaintiff its costs, and for such other and further relief in law and equity as it may be entitled to, for which it will ever pray. Comes now the defendant, by its attorney and denies under oath the allegations of plaintiff's original petition, wherein they set out facts and conclusions that defendant's sewerage is operated so as to constitute a nuisance. Signed and sworn to by J. A. Wheat, on the 18th day of April, 1918."

On the issues joined in said pleadings the district judge, on the 19th day of April, 1918, proceeded with the hearing of the evidence in said cause at length and thereafter rendered and entered the following judgment:

"In chambers, at Seymour, Texas, April 22, 1918. Now, on this day, came on to be heard the above entitled and numbered cause, upon plaintiff's application for a writ of temporary injunction; plaintiffs appearing in person and the defendant, the city of Seymour, appearing by counsel, and its mayor and aldermen. Whereupon the court, having heard the pleadings, the evidence, and the argument of counsel, is of the opinion that the law and facts are against the plaintiff, and it is therefore ordered, adjudged, and decreed by the court that the plaintiff's said application for temporary writ of injunction be denied, and that the costs of this hearing be taxed against the plaintiffs, and their bondsmen for costs, for which let execution issue."

After entering of the above judgment by the judge, he filed his findings of fact and conclusions of law at the request of the plaintiffs' counsel in the above cause. The effect of his findings is that about August, 1918, the city established a sewerage disposal plant; that it was properly constructed by the latest engineering science and methods, having in view that there would be 300·

or more connections, and thereafter began the use of same in connection with the sewer system; that some complaints began to be made on or about March, 1918, by W. V. Montgomery and others, and about the latter part of March, 1918, the defendant, through its city council, requested Henry E. Elrod, its consulting engineer in the building of said plant, to come to Seymour and investigate the situation; that he came and, finding that there had been only about 150 connections, that it was necessary to reduce the capacity of the dosing chamber in said plant, and at once had put in some baffle walls, so that the automatic tripping valve would operate on time as contemplated by the original plans, but after the said improvements were made the consulting engineer wired to the civil engineer of the state board of health to come to Seymour and inspect the plant. The said civil engineer for the state board of health came and inspected the plant and found it to be properly constructed, and made certain recommendations to the city council as to the manner in which it should be kept and cared for; and the city council at once employed a man to put these instructions into effect, and to visit the plant daily, and to continue to keep the plant clean and see that it was operated properly, which had been done and was then being done. He found at the time of the hearing that a sulphuric odor emits from said sewerage plant, which is distinguished 50 or 75 feet away; that the odor was not offensive, and not injurious to health; that one of the plaintiffs, G. L. McClusky, was the nearest resident to defendant's sewerage disposal plant, situated about 400 feet west therefrom. He found that the waters of Seymour creek were not polluted from the flow of said sewerage disposal plant, and that the plant, as then operated, was not conducive to the breeding of flies and mosquitoes, and concluded as a matter of fact from the evidence in the case that said sewerage disposal plant of the defendant, as operated and kept, was not a nuisance. At the regular term of court, which convened in July, 1918, the case was tried upon the pleadings as set out; but upon the call of the case at that term the city of Seymour presented to the court its plea in abatement, filed in the cause on August 1, 1918, which plea was by the court overruled. The plea presented the hearing before the district judge on the 19th day of April, the pleadings of the respective parties, and the judgment of the court thereon, with the findings of fact by the trial court as a ground of abatement, and also that there had been no citation issued to the defendant, city of Seymour, as required by the statute, and in addition to his plea he presented his motion to quash the service, stating the fact that no citation had been issued, and referring to the action on the application for temporary writ, and he also pleaded the former action

of the judge by a plea of res adjudicata, not waiving his plea of abatement. He then presented his motion. The court overruled these several motions and pleas, and the city then presented its motion for continuance which was also overruled.

The first assignment is to the action of the court in overruling the plea in abatement. A proposition is presented to the effect that the suit is wholly for a mandatory injunction, presented to a chancellor; clothed with authority fully to hear the issues and evidence, and to grant or refuse the relief sought. The case in its nature not being ancillary, subordinate, nor subject to any other decisions than those presented by the issues made in the pleadings of the parties, and the chancellor having given notice to all parties of the time and place set by him for hearing such cause, the parties appearing upon such notice, the hearing had and a judgment and decree having been entered and filed, that the same was final and binding upon all parties thereto; and by a second proposition that the court should not require the defendant to appear and answer, and further prosecute its defense in the cause at that time, for the reason that it had not been cited to do so in terms of law, as provided in such cases under article 4662, Vernon's Sayles' Civil Statutes.

The second assignment is based on the action of the court in overruling his motion to quash what he terms his service. The proposition is to the effect that no judgment could be rendered against the defendant, unless on service or acceptance or waiver of process, or on appearance of the defendant as prescribed by Revised Statutes.

The third assignment is based upon the action of the court in refusing to sustain the plea of res adjudicata.

The fourth assignment of error is based on the action of the court in overruling his application for continuing to obtain the testimony of several witnesses.

[1] The first assignment and first proposition thereunder and the third assignment, we think, should be overruled. While it is true that article 1714, R. S., provides that a district court may in vacation, by consent of parties, exercise all powers and make all orders as fully as in term time, and may, by consent of parties trying the case without a jury, enter final judgment, we do not think such article applicable to this proceeding, or to the facts and pleadings in this case. The action will be controlled by the statutes with reference to issuing injunctions. The proceedings on their face, together with the judgment of the court, show that the hearing before the district judge was upon the prayer for a temporary restraining order, or a temporary injunction, and his judgment entered at that time only purported to decide that the plaintiffs in the petition for injunction

were not entitled to a temporary injunction. This judgment we do not think would abate the suit or afford the basis for a plea of res adjudicata to an action for a permanent mandatory injunction to abate the plant as a nuisance. It is manifest, from the notice given by the judge and the order entered at the time, that the trial judge did not intend to dispose of the case finally and defeat the plaintiffs' right to a trial at a regular term of the court upon the issues presented. We do not think the cases presented by appellant (Riggins v. Thompson, 96 Tex. 154, 71 S. W. 14, and Ex parte Zuccaro, 106 Tex. 197, 163 S. W. 579, Ann. Cas. 1917B, 121), and other authorities cited, in point on the particular issue presented.

[2] The question presented by the plea in abatement and the motion to quash the service is more difficult. The question presented by the record is whether or not the general answer filed on the 19th of April was such an appearance on the main issues in the case as would authorize the court to find that the appellant had waived the issuance of citation, and service. Article 4662 of the Revised Statutes is as follows:

"When any writ of injunction is issued, and such writ does not pertain to a suit pending in the court, the clerk of such court shall issue a citation to the defendant as in other civil cases, which shall be served and returned in like manner as ordinary citations issued from said court. But if any injunction is issued after notice to the defendant, as hereinbefore provided, no citation to such defendant shall be necessary."

Article 4652 provides that upon the grant of any writ of injunction the party to whom the same is granted shall file his petition therefor together with the order of the judge granting the same, with the clerk of the proper court, and if the writ of injunction does not pertain to a pending suit in said court, the cause shall be entered on the civil docket of the court in its regular order in the name of the party to whom the writ is granted as plaintiff and the opposite party as defendant. Under the injunction statutes if a petition is presented to the judge for inspection the judge may indorse on the petition his fiat granting the prayer for a temporary injunction; but if, upon application for the writ of injunction, it appears to the judge that the delay would not prove injurious to either party, he may cause notice of such application to be served upon the opposite party and fix the time and place for hearing such application. While it appears this petition had been filed with the clerk before being presented to the judge, yet it is an action alone for a mandatory writ of injunction and is connected with no other suit or cause of action, and the judge, upon its presentation, refused on ex parte hearing to grant a temporary writ, but required notice and the parties were notified and appeared before the judge in chambers, and he heard the evidence and refused the temporary writ. The appellant, in answering, denied the allegations generally of the petition, and did not restrict the purposes of his answer. It appears to be manifest, however, that he only answered in obedience to the notice of the judge to appear and show cause why the temporary writ should not be granted, and this, the record shows, was the purpose of the hearing on the 19th of April.

The question presented is: Under article 1882, was this such a filing of an answer as would constitute an appearance, so as to dispense with the necessity of the issuance and service of citation upon it? We have found no case, and none has been cited, discussing the effect of such an answer. It is clear from the reading of article 4662 that if the trial judge had issued the temporary writ, without notice to the defendant, that citation was required to be issued and served on defendants; that if, after notice, the court had granted the temporary writ, no citation would have been required. The clear implication of the statute is that, if no temporary writ after notice was granted, citation would be required, as in other civil suits. So the question remains: Was the answer filed in obedience to the notice of the court on the 19th of April such an appearance as would waive the issuance and service of citation? At the time the answer was filed, the petition was then filed in the court, and hence citation could then be issued by the clerk, whether there was a prayer for citation or not. The answer was to the entire petition, both for temporary and permanent injunction. If the appellant had intended to make only a qualified appearance, it ought to have limited the answer; however, we do not undertake to hold that such limitation could have been made, as at this time that question is not necessary to determine. It was unnecessary for the court to direct that the petition be filed in the court, as that had been done, and he was then acting on the pleadings after they had been filed in the proper court. The judge could act on the prayer for temporary injunction only in vacation, or at a time before the regular trial, and if he had granted temporary relief, as prayed for, it would have been limited to the time of the trial or until final hearing, at which time it would have been dissolved or made permanent. Ex parte Zuccaro, 106 Tex. 197, 163 S. W. 579, Ann. Cas. 1917B, 121. The answer, we think under our statute, was an appearance, and rendered it unnecessary to issue a citation. Article 1882, R. C. S.

[3] The fourth, fifth, and sixth assignments present error in overruling the appellant's application for a continuance to obtain the testimony of Henry E. Elrod, A. McDaniel, Will Randall, J. T. Burns, and L. G. Lenert. The application was filed on August 6, 1918, and the judgment shows that the case was called

that day for trial. The testimony, which appellant expected to obtain from the witnesses for which application was made, is set out very fully, and is shown by the application to be material on the issues presented by the petition. There was no statutory diligence shown as to Elrod, but it is shown that he was consulting engineer in the construction of the plant, and superintended its construction; that he had testified on a hearing before the judge April 19th, and his testimony is attached to the application as taken down at the time of that hearing by the stenographer; that he had promised to be present upon the trial, but owing to demand upon him by other duties he had been unable to reach the court; and that appellant had been unable to get in touch with him, etc. Several grounds were presented as appealing to the discretion of the judge. As to this witness we cannot say the court abused his discretion, but certainly he is shown to have been a very important witness. The appellant also set up in his motion that there was uncertainty on the part of the attorneys representing both parties in the trial court as to whether or not the appellant was in court by the answer which had been filed April 19th, and that the difficulty in obtaining the witnesses, and especially Elrod, and holding him until that question could be determined, would have been very expensive to appellant, and sought to excuse in some measure their failure to have him there at the beginning of the court, on the grounds stated. As will be seen, we think the appellant was wrong in its conclusion that it had not made an appearance by its answer. However, this was addressed to the sound discretion of the trial court, and unless we were able to say that the court had abused that discretion we do not feel warranted in holding that he was in error.

[4] As to the witnesses O. McDaniel, Will Randall, and J. T. Burns, as we read the application, it was statutory. These witnesses had each been subpœnaed and had testified on April 19th, and it was alleged that they were absent from the court, and it appears they did not testify in the case. Under the law, as to these witnesses, appellant was entitled to a continuance as a matter of right. We believe the diligence shown by the application was sufficient under the statute.

[5] The trial court qualifies the bill by stating that the case was called on the 29th of July, but was reset for August 6, 1918; that the application presented at that time was but a renewal of the application on the former day. We are not disposed to treat this application as a subsequent application. As we understand the record, the case was not continued or postponed upon an application. True a few days intervened between the first presentation and the second; but under the peculiar facts in this record we think it will be unjust to hold this a second application. It, upon its face, purports to be a first, and there was no controverting affidavit as to the diligence used, and in fact one of the witnesses subpœnaed left for Kansas City between the two dates specified by the court, as is shown by the application, after he had been notified the day the trial was set, and after promising the appellants to be present for the trial. These witnesses were all material, and this record shows the testimony upon the material issues is conflicting; many witnesses having testified on either side, and most of the appellees testifying in person. We think the appellant was entitled to the testimony of these witnesses.

There is an assignment insisting that the great preponderance of the testimony is for the appellant upon the material issues in the case, and requesting this court to exercise the powers vested in it to reverse the case where the verdict is against the great preponderance of the testimony.

We shall not discuss the evidence, or examine it for the purpose of determining the weight it should have. We believe, however, justice requires a reversal on the assignments presenting the action of the court on the motion for continuance.

Reversed and remanded.