## SUPREME FOREST WOODMEN CIRCLE v. LITCHFIELD et al.

### No. 3948.

Court of Civil Appeals of Texas. Texarkana.

Jan. 15, 1931.

J. K. Brim and J. E. Spence, both of Sulphur Springs, for appellant.

J. O. Duncan and Wm. J. Fanning, both of Sulphur Springs, for appellees.

SELLERS, J.

The plaintiff, Bertha M. Litchfield, joined by her husband, J. A. Litchfield, sued the appellant in the county court of Hopkins county, Tex., to recover $500 upon a $1,000 beneficiary certificate, alleging that she was totally and permanently disabled by bodily injuries and disease so that she would be wholly and permanently and continuously prevented thereby from performing any work or engaging in any occupation or employment. The case was tried to a jury upon special issues, and upon the special issues as answered by the jury, the court entered judgment for plaintiff for the sum of $500.

Under a certain clause in the policy issued to plaintiff by the defendant, she was entitled to recover one-half the face value of the policy if at any time before she reached the age of sixty years she should become totally and permanently disabled from performing any labor whatever, provided she would surrender the policy and accept one-half of the face value of same in full settlement of her claims against the defendant, and it was upon this clause of the policy that this suit was instituted.

When the case was called for trial on April 30, 1930, the defendant filed what he termed his first application for a continuance which the court overruled, and this action of the court is assigned as error.

It appears from the record that the witness upon whose testimony the application for continuance is based was a Dr. Long. It further appears that in March or April preceding the trial, under an agreement by the attorneys of both plaintiff and defendant, this doctor examined said plaintiff for the purpose of determining whether she was suffering from any disease or injury which would cause her to be permanently and totally disabled.

The application for continuance is in statutory form and recites that said witness is under the process of the court and was in attendance upon the court on the preceding day, and further recites a statement of facts which, if the jury believed, would have warranted them in returning a verdict for the defendant.

When the application was filed, the plaintiff, through her attorney, filed a controverting affidavit to the application for continuance and set up that the case had been continued by agreement from the January term of court, and that on the call of the case at the April term it was postponed on the oral application of the defendant to a subsequent day of the term, and for those reasons, alone, asked the court to overrule defendant's application for continuance which the court did.

It is our opinion that the trial court erred in overruling the application for continuance. The trial court offers no explanation for overruling the motion for continuance, and therefore we take it that he followed the reasons assigned in plaintiff's controverting affidavit to said application, that is, that the case having been continued by agreement, and at the next term postponed to a subsequent date upon the oral application of the defendant, that the first application of the defendant had been exhausted. We do not agree that a postponement of the trial from

one day to another at the same term of court should be treated as defendant's first application for continuance, and under no authority, could a continuance by agreement be treated as such. Clearly this was defendant's first application for continuance, but if it had been a subsequent application, as contended by appellee, then it would still be sufficient because an examination of the application discloses that it has all the averments requisite to a subsequent application and the fact that it was styled the first application would in no sense preclude it as a subsequent one. City of Seymour v. Montgomery et al. (Tex. Civ. App.) 209 S. W. 237.

The other assignments of appellant have been carefully considered and are expressly overruled.

For the error of the court in overruling the application for continuance, the judgment of the trial court is reversed, and the cause remanded.