## POSEY v. SCHUHMACHER CO.
### No. 11996.

Court of Civil Appeals of Texas. Galveston. May 19, 1949.

Stewart, Burgess & Morris, W. Carloss Morris, Jr., Sam W. Mintz, all of Houston, for appellant.

Thos. M. Phillips, Houston (Baker, Botts, Andrews & Parish, of Houston, of counsel), for appellee.

GRAVES, Justice.

This cause was originally decided by this Court on May 27, 1948, by opinion reported in 212 S.W.2d 199; thereafter, on December 1, 1948, on writ of error theretofore granted by it, the Supreme Court of Texas, by opinion reported in 215 S.W.2d 880, 882 reversed such prior judgment of this Court therein, eliminated the issue of discovered-peril by the parties thereto, and remanded the cause to this Court for further consideration, under this declaration:

"In the Court of Civil Appeals, Posey presented assignments that certain of the

findings of the jury were contrary to the great weight of the evidence. These were not ruled upon because of that court's view on discovered peril. This court has no jurisdiction of assignments which test the weight of the evidence; these are for the Court of Civil Appeals. Accordingly, the cause will be remanded to that court for consideration of those assignments. Baker v. Baker, 143 Tex. 191, 183 S.W.2d 724."

This Court thereafter set the remaining assignments for oral argument before it by both sides, and the same having meanwhile been heard, together with written arguments supporting the same, this disposition of such remaining assignments is now made.

No further general statement, in view of the cited opinions of both appellate-courts, is deemed needful.

This Court formerly thus very briefly summarized appellant's remaining contentions:

"2. That the jury's findings in answer to Special-Issues 7 and 15 were in conflict, and without support in the evidence;

"3. That appellant's motion for continuance was improperly overruled."

Such special issues Nos. 7 and 15, together with the jury's answers thereon, were these:

"Special Issue No. 7: Do you find from a preponderance of the evidence that at the time of and immediately before the collision in question Mrs. Eloise Weems failed to keep the Ford automobile entirely to the right of the center line of Winkler Drive?

"In connection with the foregoing issue you are instructed by the Court that by the term 'center line' is meant an imaginary line running down the center of said roadway.

"Answer: We do."

"Special Issue No. 15: Do you find from a preponderance of the evidence that at the time of and immediately before the collision in question, Marcus L. Posey failed to keep the dump truck entirely to the right of the center line of Winkler Drive?

"In connection with the foregoing issue you are instructed by the Court that by the term 'center line' is meant an imaginary line running down the center of the roadway.

"Answer: We do."

Of course, these two affirmative answers to the same question to each driver mean that each was only partly over on the other's side of the road at the time of the collision, since there was no testimony that either auto was wholly on its wrong side.

Appellant assumes, however, that such partial overlapping of both would have been impossible, hence that an irreconcilable conflict resulted, which he insists vitiated the verdict and the judgment entered thereon.

On this feature, he further earnestly urges that, since what he conceived to be the "undisputed evidence" showed not only that the front left fender of the appellee's Ford coupe struck the back left wheel of the appellant's dump-truck, and since "Mrs. Weems's car in its final resting-place was over on the appellant's side of the road, and appellant's truck was also on his side of the road", the jury's answers to Special Issue No. 15 that appellant failed to keep his truck entirely to the right side of the center-lane was, at least, against the overwhelming preponderance of the evidence, to the extent that it was clearly wrong, hence required a reversal.

After a careful examination of the statement-of-facts, in the light of the written arguments furnished this Court by both parties since the oral argument upon this second submission, this Court is unable to agree, either that such finding was against the undisputed evidence, or so against the overwhelming weight of all the evidence, as to have been so wrong.

Wherefore, it is not in a position to exercise its exclusive authority—where such latter contingency exists—to set the verdict aside.

On the contrary, this Court has so become convinced, (1) that there was no such a mutually-destructive conflict between the quoted answers to the 7th and 15th special-issues as to require their being set aside, nor (2) that the preponderating weight of all the evidence against such answer to No. 15 was sufficient to make it plainly wrong.

Indeed, considering the geography of the locality of the accident, reflecting the width of the highway at its scene, as well as its gradual curve to the northwest, with the Ford car of the appellee going in that direction, while the truck of the appellant moved in the opposite one toward the southeast, and the affirmative probability—under the detailed testimony of the witnesses tending to such effect—that the collision might have occurred on, or very near to, the center-line of the highway, no clear improbability of such a happening at all appears.

In other words, it seems plainly to have been within the province of the jury to find that—even if the impact was on the left rear wheel of appellant's truck, yet that position of it, as well as the front end of appellee's Ford, were both slightly over the center of the highway. This for the reason that, because of the pronounced curve in the highway at that precise juncture, these ends of both cars were probably at appreciable angles toward it.

Moreover, appellant himself testified that the left rear wheel of his truck extended outside the dump-bed thereof to some extent, consequently it seems possible, if not probable, that his left back wheel might have been extending over the center line, while the body of his truck was still on his own proper side of it.

Furthermore, this Court has not found the testimony entirely undisputed to the effect that the point-of-impact had been, as appellant urges, on the left rear wheel of his truck; because, one of the witnesses, who was at the scene of the accident immediately after it occurred, and had then examined appellant's truck, testified that there was nothing on it indicating that the truck had been struck on the left rear. Still another witness on that feature, who also examined the Posey truck right after the accident, testified that he then observed from his investigation maroon-colored paint on the left side of the dump-bed just behind the cab, which he called to the attention of the police officer, who was then

on the scene; he particularized further, when asked about that detail, that he observed such paint about 18 inches from the frame of the truck's dump-bed. That was precisely the color of the appellee's Ford coupe.

■ Upon the whole, therefore, it would seem that the two findings under Issues 7 and 15 that both Posey and Mrs. Weems were partly on their wrong sides of the road were not unreconcilable, nor was that one as to appellant so against the overwhelming preponderance of the evidence as to require its being set aside.

While appellant's final written argument appears to be confined to his insistence that this finding of his contributory negligence was against the overwhelming preponderance of the evidence, it may not be amiss to state this Court's conclusion that the trial court was not shown to have violated its discretion, in overruling appellant's motion for a continuance, because of the absence of B. R. Hart.

■ Without extended discussion, it is held that, under our authorities, the Court's action was not reversibly erroneous, for the reasons thus stated in the appellee's brief: " * * * because (1) appellant did not present said motion promptly upon the discovery that one of his witnesses was not present at the trial, and (2) the testimony of said witness was presented by deposition." Wood v. Fulton Property Co., Tex.Civ.App., 92 S.W.2d 549, 554; 9 Tex. Jur., 722, Sec. 49; City of Seymour v. Montgomery, Tex.Civ.App., 209 S.W. 237; 9 Tex.Jur. 729, Sec. 55; Texas & P. Ry. Co. v. Crump, 102 Tex. 250, 115 S.W. 26; Standard Fire Ins. Co. v. Buckingham, Tex. Civ.App., 211 S.W. 531; St. Louis, B. & M. Ry. Co. v. McLean, Tex.Civ.App., 241 S.W. 1072, reversed on other grounds in Tex. Com.App., 253 S.W. 248; Whitaker v. Browning, Tex.Civ.App., 155 S.W. 1197, writ of error ref.; 9 Tex.Jur. 717, Sec. 46.

These conclusions require an affirmance of the judgment; it will be so ordered.

Affirmed.